IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AHOLD U.S.A., INC.; THE STOP & SHOP SUPERMARKET COMPANY LLC; GIANT FOOD STORES, LLC; GIANT FOOD LLC; GIANT FOOD INC.; EXPRESS SCRIPTS, INC., <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>C.A. No. _____ <br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against: Ahold U.S.A., Inc.; The Stop & Shop Supermarket Company LLC; Giant Food Stores, LLC; Giant Food LLC; Giant Food Inc.; and Express Scripts, Inc.:

**THE PARTIES**

1.　Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.　On information and belief, Defendant Ahold U.S.A., Inc. is a Maryland corporation with its principal place of business at 1385 Hancock Street, Quincy Center Plaza, Quincy, Massachusetts 02169.

3.　On information and belief, Defendant The Stop & Shop Supermarket Company LLC is (a) a Delaware corporation with its principal place of business at 1385

Hancock Street, Quincy Center Plaza, Quincy, Massachusetts 02169, and (b) a subsidiary of Ahold U.S.A., Inc.

        4.        On information and belief, Defendant Giant Food Stores, LLC is (a) a Delaware corporation with its principal place of business at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013, and (b) a subsidiary of Ahold U.S.A., Inc.

        5.        On information and belief, Defendant Giant Food LLC is (a) a Maryland corporation with its principal place of business at 6400 Sheriff Road, Landover, Maryland 20785, and (b) a subsidiary of Ahold U.S.A., Inc.

        6.        On information and belief, Defendant Giant Food Inc. is (a) a Delaware corporation with its principal place of business at 6400 Sheriff Road, Landover, Maryland 20785, and (b) a subsidiary of Ahold U.S.A., Inc.

        7.        On information and belief, Defendant Express Scripts, Inc. is a Delaware corporation with its principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri 63043.

## JURISDICTION AND VENUE

        8.        This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

        9.        Ahold U.S.A., Inc., The Stop & Shop Supermarket Company LLC, Giant Food Stores, LLC, Giant Food LLC, and Giant Food Inc. (collectively, the "Ahold Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for pharmacy and prescription refill services and job opportunities available to their customers and to potential employees, including customers and potential employees in this district; and/or

(4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

10. Express Scripts, Inc. ("Express Scripts") is subject to this Court's personal jurisdiction because, on information and belief, (1) it is a Delaware corporations and has designated a registered agent in this district; (2) it does substantial business in this district; (3) it operates infringing automated call processing systems for pharmacy and prescription refill services, plan information and other services available to its customers, including customers in this district; and (4) it regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district.

11. Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, have designated a registered agent in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-7 and 9-10 above.

## BACKGROUND

12. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

13. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

14. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

15. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

16. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

17. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

18. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

19. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

20. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business.

The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

21. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

22. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

23. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

**THE ASSERTED PATENTS**

24. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System For Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

25. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an

invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

26. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

27. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

28. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

29. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

30. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005.

31. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

32. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

33. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

34. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

35. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

36. On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

37. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

38. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

39. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY AHOLD DEFENDANTS)

40. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-39 of this Complaint as if fully set forth herein.

41. Ahold U.S.A., Inc. and its subsidiaries, *inter alia*, The Stop & Shop Supermarket Company LLC, Giant Food Stores, LLC, Giant Food LLC, and Giant Food Inc. operate supermarkets and pharmacies in the Eastern United States.

42. On information and belief, the Ahold Defendants use infringing call processing systems to offer automated customer service and prescription refill functions to their customers. Using an automated system, in some instances in connection with operators, the Ahold Defendants allow their customers to place prescription refill orders, access pharmacy information, and perform various other functions, and also allows a physician or medical office to authorize refills and perform various other functions. The Ahold Defendants also use automated systems for certain employee administrative functions.

43. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '150, '156, '223, '285, '360, '551, '734, '863, '965, '968, and '984 Patents.

44. On information and belief, in their automated pharmacy service operations described in Paragraph 42 (collectively, the "Accused Ahold Services"), the Ahold Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 43 of this Complaint by making, using, offering to sell, or selling the Accused Ahold Services.

45. On information and belief, the Ahold Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Ahold Services.

46. The Ahold Defendants' infringement of the patents identified in Paragraph 43 of this Complaint has been and is willful.

47.     The Ahold Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY EXPRESS SCRIPTS)

48.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-39 of this Complaint as if fully set forth herein.

49.     Express Scripts provides a full range of pharmacy benefit management services, including retail drug card programs, mail pharmacy services, drug formulary management programs, and other clinical management programs for client groups that include HMOs, health insurers, third-party administrators, employers, union-sponsored benefit plans, and government health programs.

50.     On information and belief, Express Scripts uses infringing call processing systems to offer automated mail order pharmacy services to its customers. Using an automated system, in some instances in connection with operators, Express Scripts allows its customers to order refills on prescriptions, pay for prescriptions, access account information, order mail order profiles, locate participating pharmacies, and perform various other functions.

51.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '156, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 Patents.

52.     On information and belief, in its automated pharmacy service operations described in Paragraph 50 (collectively, the "Accused Express Scripts Services"), Express Scripts has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 51 of this Complaint by making, using, offering to sell, or selling the Accused Express Scripts Services.

53. On information and belief, Express Scripts continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Express Scripts Services.

54. Express Scripts's infringement of the patents identified in Paragraph 51 of this Complaint has been and is willful.

55. Express Scripts's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1. Adjudge that the Ahold Defendants have been and are infringing one or more claims of the patents identified in Paragraph 43 of this Complaint by offering the Accused Ahold Services;

2. Adjudge that the Ahold Defendants' infringement has been and is willful;

3. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Ahold Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

4. Order an accounting for damages resulting from the Ahold Defendants' infringement of the patents identified in Paragraph 43 of this Complaint;

5. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Ahold

Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6. Enter an order, pursuant to 35 U.S.C. § 284, and based on the Ahold Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Ahold Defendants;

7. Adjudge that Express Scripts has been and is infringing one or more claims of the patents identified in Paragraph 51 of this Complaint by offering the Accused Express Scripts Services;

8. Adjudge that Express Scripts's infringement has been and is willful;

9. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining Express Scripts, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

10. Order an accounting for damages resulting from Express Scripts's infringement of the patents identified in Paragraph 51 of this Complaint;

11. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for Express Scripts's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12. Enter an order, pursuant to 35 U.S.C. § 284, and based on Express Scripts's willful infringement, trebling all damages awarded to Katz Technology Licensing and against Express Scripts;

13. Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

14. Award such other relief as the Court may deem appropriate and just under the circumstances.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 1, 2006
534910

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

## DEFENDANTS
AHOLD U.S.A., INC.; THE STOP & SHOP SUPERMARKET COMPANY LLC; GIANT FOOD STORES, LLC; GIANT FOOD LLC; GIANT FOOD INC.; EXPRESS SCRIPTS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899
302-658-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks or Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed From State Court
☐ 3 Remanded From Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred From another district (specify) _____
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Patent Infringement; 35 U.S.C. § 271

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions)
JUDGE _____
DOCKET NUMBER _____
This is one of five related cases filed today by Plaintiff

DATE 9/1/06
SIGNATURE OF ATTORNEY OF RECORD /s/ Mary B. Graham

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____6 - 545_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____6____ COPIES OF AO FORM 85.

_____SEP 01 2006_____     _____[signature]_____
(Date forms issued)              (Signature of Party or their Representative)

_____Aaron Johnston_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action