IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> AHOLD U.S.A., INC.; THE STOP & SHOP SUPERMARKET COMPANY LLC; GIANT FOOD STORES, LLC; GIANT FOOD LLC; GIANT FOOD INC.; EXPRESS SCRIPTS, INC.; RITE AID CORPORATION; RITE AID OF DELAWARE, INC.; THE JEAN COUTU GROUP (PJC) USA, INC.; ECKERD CORPORATION; BROOKS PHARMACY, INC.; MAXI DRUG, INC.; and MAXI DRUG NORTH, INC., <br><br> Defendants. | C.A. No. 06-545 (GMS) <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against Ahold U.S.A., Inc., The Stop & Shop Supermarket Company LLC, Giant Food Stores, LLC, Giant Food LLC, Giant Food Inc., Express Scripts, Inc., Rite Aid Corporation, Rite Aid of Delaware, Inc., The Jean Coutu Group (PJC) USA, Inc., Eckerd Corporation, Brooks Pharmacy, Inc., Maxi Drug, Inc. and Maxi Drug North, Inc.:

**THE PARTIES**

1. Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2. On information and belief, Defendant Ahold U.S.A., Inc. is a Maryland corporation with its principal place of business at 1385 Hancock Street, Quincy Center Plaza, Quincy, Massachusetts 02169.

3. On information and belief, Defendant The Stop & Shop Supermarket Company LLC is (a) a Delaware corporation with its principal place of business at 1385 Hancock Street, Quincy Center Plaza, Quincy, Massachusetts 02169, and (b) a subsidiary of Ahold U.S.A., Inc.

4. On information and belief, Defendant Giant Food Stores, LLC is (a) a Delaware corporation with its principal place of business at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013, and (b) a subsidiary of Ahold U.S.A., Inc.

5. On information and belief, Defendant Giant Food LLC is (a) a Maryland corporation with its principal place of business at 6400 Sheriff Road, Landover, Maryland 20785, and (b) a subsidiary of Ahold U.S.A., Inc.

6. On information and belief, Defendant Giant Food Inc. is (a) a Delaware corporation with its principal place of business at 6400 Sheriff Road, Landover, Maryland 20785, and (b) a subsidiary of Ahold U.S.A., Inc.

7. On information and belief, Defendant Express Scripts, Inc. is a Delaware corporation with its principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri 63043.

8. On information and belief, Defendant Rite Aid Corporation is a Delaware corporation with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

9. On information and belief, Defendant Rite Aid of Delaware, Inc. is (a) a Delaware corporation with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011, and (b) a subsidiary of Rite Aid Corporation.

10. On information and belief, Defendant The Jean Coutu Group (PJC) USA, Inc. is a Delaware corporation with its principal place of business at 50 Service Road, Warwick, Rhode Island 02886.

11. On information and belief, Defendant Eckerd Corporation is (a) a Delaware corporation with its principal place of business at 50 Service Road, Warwick, Rhode Island 02886, and (b) a subsidiary of The Jean Coutu Group (PJC) USA, Inc.

12. On information and belief, Defendant Brooks Pharmacy, Inc. is (a) a Delaware corporation with its principal place of business at 50 Service Road, Warwick, Rhode Island 02886, and (b) a subsidiary of The Jean Coutu Group (PJC) USA, Inc.

13. On information and belief, Defendant Maxi Drug, Inc. is (a) a Delaware corporation with its principal place of business at 50 Service Road, Warwick, Rhode Island 02886, and (b) a subsidiary of The Jean Coutu Group (PJC) USA, Inc.

14. On information and belief, Defendant Maxi Drug North, Inc. is (a) a Delaware corporation with its principal place of business at 50 Service Road, Warwick, Rhode Island 02886, and (b) a subsidiary of The Jean Coutu Group (PJC) USA, Inc.

## JURISDICTION AND VENUE

15. This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

16. Ahold U.S.A., Inc., The Stop & Shop Supermarket Company LLC, Giant Food Stores, LLC, Giant Food LLC, and Giant Food Inc. (collectively, the "Ahold Defendants") are subject to this Court's personal jurisdiction because, on information and belief: (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for pharmacy and prescription refill services and job opportunities available to their customers and to potential employees, including customers and potential employees in this district; and/or

(4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

17. Express Scripts, Inc. ("Express Scripts") is subject to this Court's personal jurisdiction because, on information and belief: (1) it is a Delaware corporation and has designated a registered agent in this district; (2) it does substantial business in this district; (3) it operates infringing automated call processing systems for pharmacy and prescription refill services, plan information and other services available to its customers, including customers in this district; and (4) it regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district.

18. Rite Aid Corporation and Rite Aid of Delaware, Inc. ("Rite Aid Defendants") are subject to this Court's personal jurisdiction because, on information and belief: (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for pharmacy and prescription refill services and job opportunities available to their customers and to potential employees, including customers and potential employees in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

19. The Jean Coutu Group (PJC) USA, Inc., Eckerd Corporation, Brooks Pharmacy, Inc., Maxi Drug, Inc. and Maxi Drug North, Inc. ("Brooks Eckerd Defendants") are subject to this Court's personal jurisdiction because, on information and belief: (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

20. Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, have designated a registered agent

in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-14 and 16-19 above.

## BACKGROUND

21.     Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit.  Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

22.     In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone.  Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines.  Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

23.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange.  Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

24.     Mr. Katz's inventions have not been limited to telephonic check verification.  Indeed, Mr. Katz is responsible for advancements in many fields of technology.  Among his most prominent and well-known innovations are those in the field of interactive call processing.  Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

25.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988.  More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

26. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

27. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

28. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

29. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

30. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

31. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated

wireless telecommunication services and support, automated health care services, and product and service support.

32. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

33. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System For Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

34. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

35. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

36. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

37. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 Patent expired on December 20, 2005.

38. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

39. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '707 Patent expired on December 20, 2005.

40. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

41. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005.

42. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

43. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

44. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

45. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

46. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

47. On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

48. On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No.6,044,135 (the "'135 Patent") to Ronald A. Katz for an invention entitled "Telephone-Interface Lottery System." The '135 Patent expired on July 10, 2005.

49. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

50. On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

51. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

52. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

53. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

54. On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

55. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

**FIRST CLAIM**
**(PATENT INFRINGEMENT BY AHOLD DEFENDANTS)**

56. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-55 of this Complaint as if fully set forth herein.

57. Ahold U.S.A., Inc. and its subsidiaries, *inter alia*, The Stop & Shop Supermarket Company LLC, Giant Food Stores, LLC, Giant Food LLC, and Giant Food Inc. operate supermarkets and pharmacies in the Eastern United States.

58. On information and belief, the Ahold Defendants use infringing call processing systems to offer automated customer service and prescription refill functions to their customers. Using an automated system, in some instances in connection with operators, the

Ahold Defendants allow their customers to place prescription refill orders, access pharmacy information, and perform various other functions, and also allows a physician or medical office to authorize refills and perform various other functions. The Ahold Defendants also use automated systems for certain employee administrative functions.

59. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '150, '156, '223, '285, '309, '360, '551, '707, '734, '863, '965, '968, and '984 Patents.

60. On information and belief, in their automated pharmacy service operations described in Paragraph 58 (collectively, the "Accused Ahold Services"), the Ahold Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 59 of this Complaint by making, using, offering to sell, or selling the Accused Ahold Services.

61. On information and belief, the Ahold Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Ahold Services.

62. The Ahold Defendants' infringement of the patents identified in Paragraph 59 of this Complaint has been and is willful.

63. The Ahold Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY EXPRESS SCRIPTS)

64. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-55 of this Complaint as if fully set forth herein.

65. Express Scripts provides a full range of pharmacy benefit management services, including retail drug card programs, mail pharmacy services, drug formulary management programs, and other clinical management programs for client groups that include HMOs, health insurers, third-party administrators, employers, union-sponsored benefit plans, and government health programs.

66. On information and belief, Express Scripts uses infringing call processing systems to offer automated mail order pharmacy services to its customers. Using an automated system, in some instances in connection with operators, Express Scripts allows its customers to order refills on prescriptions, pay for prescriptions, access account information, order mail order profiles, locate participating pharmacies, and perform various other functions.

67. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '156, '223, '252, '285, '309, '360, '551, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

68. On information and belief, in its automated pharmacy service operations described in Paragraph 66 (collectively, the "Accused Express Scripts Services"), Express Scripts has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 67 of this Complaint by making, using, offering to sell, or selling the Accused Express Scripts Services.

69. On information and belief, Express Scripts continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Express Scripts Services.

70. Express Scripts's infringement of the patents identified in Paragraph 67 of this Complaint has been and is willful.

71. Express Scripts's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## THIRD CLAIM
### (PATENT INFRINGEMENT BY RITE AID DEFENDANTS)

72. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-55 of this Complaint as if fully set forth herein.

73. Rite Aid Corporation, along with a number of subsidiaries, including defendant Rite Aid of Delaware, Inc. (collectively, the "Rite Aid Defendants"), operates pharmacies throughout the United States.

74. On information and belief, the Rite Aid Defendants use infringing call processing systems to offer automated customer service and prescription refill functions to their pharmacy customers. Using an automated system, in some instances in connection with operators, the Rite Aid Defendants allow their customers to place prescription refill orders, access pharmacy information, and perform various other functions.

75. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '120, '134, '150, '223, '252, '285, '309, '551, '703, '707, '734, '863, '893, '968, and '984 Patents.

76. On information and belief, in its automated customer service and prescription refill operations described in Paragraph 74 (collectively, the "Accused Rite Aid Services"), the Rite Aid Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 75 of this Complaint by making, using, offering to sell, or selling the Accused Rite Aid Services.

77. On information and belief, the Rite Aid Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Rite Aid Services.

78. The Rite Aid Defendants' infringement of the patents identified in Paragraph 75 of this Complaint has been and is willful.

79. The Rite Aid Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### FOURTH CLAIM
(PATENT INFRINGEMENT BY BROOKS ECKERD DEFENDANTS)

80. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-55 of this Complaint as if fully set forth herein.

81. The Brooks Eckerd Defendants advertise themselves as the fourth largest drugstore chain in the United States, with more than 1,000 drugstores in eighteen states on the East Coast of the United States, offering pharmacy services to their customers.

82. On information and belief, the Brooks Eckerd Defendants use infringing call processing systems to offer automated pharmacy refill and mail order services to its customers. Using an automated system, in some instances in connection with operators, the Brooks Eckerd Defendants allow their customers to order refills on prescriptions, pay for prescriptions, locate participating pharmacies, and perform various other functions.

83. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '150, '223, '252, '285, '309, '360, '415, '551, '703, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

84. On information and belief, in its automated pharmacy service operations described in Paragraph 82 (collectively, the "Accused Brooks Eckerd Services"), the Brooks Eckerd Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 83 of this Complaint by making, using, offering to sell, or selling the Accused Brooks Eckerd Services.

85. On information and belief, the Brooks Eckerd Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more

claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Brooks Eckerd Services.

86.     The Brooks Eckerd Defendants' infringement of the patents identified in Paragraph 83 of this Complaint has been and is willful.

87.     The Brooks Eckerd Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.     Adjudge that the Ahold Defendants have been and are infringing one or more claims of the patents identified in Paragraph 59 of this Complaint by offering the Accused Ahold Services;

2.     Adjudge that the Ahold Defendants' infringement has been and is willful;

3.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Ahold Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

4.     Order an accounting for damages resulting from the Ahold Defendants' infringement of the patents identified in Paragraph 59 of this Complaint;

5.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Ahold Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Ahold Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Ahold Defendants;

7.    Adjudge that Express Scripts has been and is infringing one or more claims of the patents identified in Paragraph 67 of this Complaint by offering the Accused Express Scripts Services;

8.    Adjudge that Express Scripts's infringement has been and is willful;

9.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining Express Scripts, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

10.    Order an accounting for damages resulting from Express Scripts's infringement of the patents identified in Paragraph 67 of this Complaint;

11.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for Express Scripts's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.    Enter an order, pursuant to 35 U.S.C. § 284, and based on Express Scripts's willful infringement, trebling all damages awarded to Katz Technology Licensing and against Express Scripts;

13.    Adjudge that the Rite Aid Defendants have been and are infringing one or more claims of the patents identified in Paragraph 75 of this Complaint by offering the Accused Rite Aid Services;

14.    Adjudge that the Rite Aid Defendants' infringement has been and is willful;

15.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Rite Aid Defendants, and all persons in active concert or

participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

16. Order an accounting for damages resulting from the Rite Aid Defendants' infringement of the patents identified in Paragraph 75 of this Complaint;

17. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Rite Aid Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18. Enter an order, pursuant to 35 U.S.C. § 284, and based on the Rite Aid Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Rite Aid Defendants;

19. Adjudge that the Brooks Eckerd Defendants have been and are infringing one or more claims of the patents identified in Paragraph 83 of this Complaint by offering the Accused Brooks Eckerd Services;

20. Adjudge that the Brooks Eckerd Defendants' infringement has been and is willful;

21. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Brooks Eckerd Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

22. Order an accounting for damages resulting from the Brooks Eckerd Defendants' infringement of the patents identified in Paragraph 83 of this Complaint;

23. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Brooks Eckerd Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24. Enter an order, pursuant to 35 U.S.C. § 284, and based on the Brooks Eckerd Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Brooks Eckerd Defendants;

25. Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

26. Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

- 19 -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  October 25, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 25, 2006 true and correct copies of the foregoing were caused to be served upon the following in the manner indicated:

**BY HAND and E-MAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899
rhorwitz@potteranderson.com
    Counsel for Ahold U.S.A., Inc.; The Stop &
    Shop Supermarket  Company LLC; Giant Food
    Stores, LLC; Giant Food Inc., and Giant Food
    LLC

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19899
sbalick@ashby-geddes.com
    Counsel for Express Scripts, Inc.

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
mgraham@mnat.com

543061