IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD A. KATZ TECHNOLOGY )
LICENSING, L.P., )
 )
       Plaintiff, )
 )
    v. )    C.A. No. 06-545-GMS
 )
AHOLD U.S.A., Inc., et al., )    **JURY TRIAL DEMANDED**
 )
 )
       Defendants. )
_____)

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
REPLY TO ALLEGATIONS OF
<u>TWELFTH AFFIRMATIVE DEFENSE OF EXPRESS SCRIPTS, INC.</u>**

      Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the allegations in the Twelfth Affirmative Defense, set forth in Paragraphs 99-228 of the Answer of Defendant Express Scripts, Inc. ("Express Scripts") as follows:

      1.    Katz Technology Licensing denies all the allegations set forth in Paragraph 99.

      2.    The allegations in Paragraph 100 constitute legal conclusions to which no response is required.

      3.    Katz Technology Licensing denies all the allegations set forth in Paragraph 101.

      4.    Katz Technology Licensing admits that Express Scripts purports to reserve the right to seek leave to amend its Answer and Affirmative Defenses. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 102.

      5.    Katz Technology Licensing admits that certain of the patents asserted against Express Scripts in this action claim priority from other patents and applications that, depending upon the asserted patent, may include U.S. Patent Nos. 4,845,739 ("the '739 patent");

5,048,075 ("the '075 patent"); 5,365,575 ("the '575 patent"); 6,016,344 ("the '344 patent"); 5,224,153 ("the '153 patent"); 5,359,645 ("the '645 patent"); 5,073,929 ("the '929 patent"); 5,014,298 ("the '298 patent"); 6,148,065 ("the '065 patent"); and U.S. Patent Application Nos. 06/753,299 ("the '299 application"); 07/640,337 ("the '337 application") and 07/342,506 ("the '506 application"). Katz Technology Licensing denies that any of the patents asserted against Express Scripts in this action claim priority to U.S. Patent Nos. 5,218,631 ("the '631 patent"); 5,793,846 ("the '846 patent"); 5,835,576 ("the '576 patent"); 6,044,135 ("the '135 patent"); 6,151,387 ("the '387 patent"); 6,424,703 ("the '703 patent"); or 6,512,415 ("the '415 patent"). The term "relevant" as used in the first sentence of Paragraph 103 and the term "related" as used throughout Paragraph 103 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 103. Further, to the extent the terms "relevant" and "inequitable conduct" are intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 103.

6. Katz Technology Licensing denies all the allegations set forth in Paragraph 104.

## THE BARGER PATENT

7. Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was issued to Barger, Jr., *et al*. Katz Technology Licensing further admits that it had knowledge of the '698 patent in 1989. Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of certain patents, including the '984, '739, '150, '298, '929, and '252 patents. Katz Technology Licensing denies all the remaining allegations set forth in Paragraph 105.

8. Katz Technology Licensing admits that on its face, the '698 patent indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on

2

January 10, 1977. The remaining allegations in Paragraph 106 constitute legal conclusions to which no response is required.

9.    Katz Technology Licensing admits that on its face, the '698 patent is titled "Telephone System For Audio Demonstration And Marketing Of Goods Or Services." The term "material" in the first sentence of Paragraph 107 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 107 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required.

10.    The allegations in Paragraph 108 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

11.    The term "relevant" as used in the first sentence of Paragraph 109 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent that term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required. The allegations in the second sentence of Paragraph 109 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required. The terms "central features claimed" and "material" as used in the third sentence of Paragraph 109 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the terms "central features" and "material" are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 109.

12.     The term "materiality" as used in the first sentence of Paragraph 110 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent that term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375.  Katz Technology Licensing further admits that the Supplementary European Search Report identified the '698 patent as a "category x" document. The contents of that search report speak for themselves and the allegations relating to the report require no further response.  Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 110.

13.     Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '739, '150, '298, '929, '984, '153, '965, '863 and '252 patents. Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '285 patent.  Katz Technology Licensing admits that the '698 patent was listed on an information disclosure statement dated September 20, 1994, filed in connection with U.S. Patent Application No. 08/047,241, which led to the issuance of the '285 patent.  Katz Technology Licensing further admits that the '285 patent issued on September 27, 1994.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 111.

14.     Katz Technology Licensing admits that the '984, '150, '252, '965, '734, '863 and '285 patents have been asserted against Express Scripts in this action.  Katz Technology Licensing further admits that certain of the patents asserted against Express Scripts claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '150, '252, '285, '298, '929, '156 and '984 patents.  In connection with the allegations in Paragraph 112, the terms "intent to deceive," "beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is

required.    Katz Technology Licensing denies all remaining allegations set forth in Paragraph 112.

15.    Katz Technology Licensing denies all allegations set forth in Paragraph 113.

16.    Katz Technology Licensing admits that the '156 and '893 patents are among the patents asserted against Express Scripts in this action.  Katz Technology Licensing further admits that the '893 patent claims priority from other patents and applications that include the '150 and '285 patents.  Katz Technology Licensing denies the allegation that the '156 patent claims priority from the '150 or '285 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 114.

17.    Katz Technology Licensing admits that the '863, '156, '551, '734, '893, '120, '134, '223, '965, '984, '252, '285, '762 and '360 patents are among the patents asserted against Express Scripts in this action.  Katz Technology Licensing denies that the '309 and '707 patents are among the patents asserted against Express Scripts in this action.  Katz Technology Licensing further admits that certain of the patents asserted against Express Scripts claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 115.

## THE DEBRUYN REFERENCE

18.    Katz Technology Licensing admits that on its face, European Patent No. 0032410 indicates that it was issued to DeBruyn, and that European Patent No. 0032410 corresponds with Canadian Patent No. 1162336 (each or together, "the DeBruyn reference"). Katz Technology Licensing is unable to ascertain the meaning of "Mr. Katz's earlier patents" in the second sentence of Paragraph 116 and therefore denies all allegations set forth in the first sentence of paragraph 116.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 116.

19.     Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981.  No response to the remaining allegations set forth in the first sentence of Paragraph 117 is required, as the DeBruyn reference speaks for itself.  Katz Technology Licensing admits that the DeBruyn reference and the Barger patent were cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375.  Katz Technology Licensing further admits that the Supplementary European Search Report identified European Patent 0032410 as a "category x" document.   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 117.

20.     The term "relevant" as used in the first sentence of Paragraph 118 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in Paragraph 118.  Further, to the extent that term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required.  No response is required to the remaining allegations set forth in Paragraph 118, as the DeBruyn reference speaks for itself.

21.     Katz Technology Licensing admits that the DeBruyn reference was not disclosed during the prosecution of the '150, '075, '739, '929, '984, '298, '153, '285, '965, '309 and '252 patents.  The terms "materiality," "significance" and "relevance" as used in Paragraph 119 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 119.  Further, to the extent the terms "materiality," "significance" and "relevance" are intended to allege legal materiality or relevance, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 119.

22.     In connection with the allegations in Paragraph 120, the terms "intent to deceive," "beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing admits

that the '252, '150, '984, '285, '734, '965 and '863 patents are among the patents in suit. Katz Technology Licensing admits that certain of the patents in suit claim priority from certain of the '739, '150, '252, '075, '298, '153, '929 and '984 patents. The phrase "related to the patents-in-suit" as used in the second sentence of Paragraph 120 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in the second sentence of Paragraph 120. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 120.

23.    Katz Technology Licensing admits that the '863, '156, '551, '734, '893, '120, '134, '223, '965, '984, '252, '285, '762 and '360 patents are among the patents asserted against Express Scripts in this action. Katz Technology Licensing denies that the '707 patent is among the patents asserted against Express Scripts in this action. Katz Technology Licensing further admits that certain of the patents asserted against Express Scripts claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. In connection with the allegations in Paragraph 121, the terms "unenforceable" and "inequitable conduct" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 121.

## THE YOSHIZAWA REFERENCE

24.    Katz Technology Licensing admits that an article titled "Voice Response System for Telephone Betting," by Yoshizawa, *et al.* ("the Yoshizawa article"), appeared in a 1977 issue of Hitachi Review. Katz Technology Licensing denies that the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '575 patent. Katz Technology Licensing admits that the Yoshizawa article was disclosed to the PTO during the prosecution of the '575 patent on September 16, 1994. Katz Technology Licensing denies that the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '965 patent. Katz Technology Licensing admits that the Yoshizawa article was disclosed to the PTO during the prosecution of the '965 patent on September 30, 1994. Katz Technology Licensing admits that

the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '252, '309 and '734 patents. Katz Technology Licensing further denies all remaining allegations set forth in Paragraph 122.

25.     Katz Technology Licensing admits that the Yoshizawa article is titled "Voice Response System for Telephone Betting."  The allegations in Paragraph 123 relate to the system allegedly disclosed by the Yoshizawa article; Katz Technology Licensing responds that the article speaks for itself and no further response is required.

26.     The term "relevant" in the first sentence of Paragraph 124 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal relevance , the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 124 relate to the system allegedly disclosed by the Yoshizawa article; Katz Technology Licensing responds that the article speaks for itself and no further response is required.

27.     The term "materiality" in the first sentence of Paragraph 125 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing admits that the Yoshizawa article was cited in a September 2, 1992 interrogatory response during discovery in *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.).  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 125.

28.     Katz Technology Licensing admits that the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '252, '309 and '734 patents. Katz Technology Licensing denies all allegations set forth in Paragraph 126.

29.     The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" used in Paragraph 127 are alleged legal conclusions

to which no response is required.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 127.

30.    Katz Technology Licensing admits that it has asserted the '156 patent against Express Scripts in this action.  Katz Technology Licensing further admits that the '156 patent claims priority from, among other patents and applications, the '575 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 128.

31.    The term "material" in the first sentence of Paragraph 129 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 129.

## THE FLORAFAX REFERENCE

32.    Katz Technology Licensing admits that a document dated January 22, 1986 that indicates that it was distributed by Florafax exists (the "Florafax brochure").  Katz Technology Licensing denies that the Florafax brochure was not disclosed to the USPTO during the prosecution of the '575 patent.  Katz Technology Licensing admits that the Florafax brochure was disclosed to the USPTO during the prosecution of the '575 patent on September 16, 1994. Technology Licensing denies that the Florafax brochure was not disclosed to the USPTO during the prosecution of the '576 patent.  Katz Technology Licensing admits that the Florafax brochure was disclosed to the USPTO during the prosecution of the '576 patent on July 22, 1998. Katz Technology Licensing admits that the Florafax brochure was not disclosed during the prosecution of the '309 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 130.

33.    The term "material" in the first sentence of Paragraph 131 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege

legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing lacks sufficient information or knowledge to respond to the allegations in the last sentence of Paragraph 131 and therefore denies them. The remaining allegations in Paragraph 131 relate to the service allegedly disclosed by the Florafax brochure; Katz Technology Licensing responds that the brochure speaks for itself and no further response is required.

34.    Katz Technology Licensing denies all allegations set forth in the first sentence of Paragraph 132. Katz Technology Licensing admits that the Florafax brochure was produced in *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.). Katz Technology Licensing lacks sufficient information or knowledge to respond to the remaining allegations in Paragraph 132 and on that basis denies them.

35.    Katz Technology Licensing admits that the Florafax brochure was not disclosed during the prosecution of the '309 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 133.

36.    The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" used in Paragraph 134 are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 134.

37.    Katz Technology Licensing admits that the '156 patent is among the patents asserted against Express Scripts in this action. Katz Technology Licensing further admits that the '156 patent claims priority from other patents and applications that include the '575 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 135.

## **KATZ PCT REFERENCE**

38.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 ("the WO '375 application") was not disclosed to the USPTO during the prosecution of the '739 or '298 patents. Katz Technology Licensing denies that the WO '375 application

was not disclosed to the USPTO during the prosecution of the '863 patent. Katz Technology Licensing admits that the WO '375 application was disclosed to the USPTO during the prosecution of the '863 patent on May 6, 1996. Katz Technology Licensing denies that the WO '375 application was not disclosed to the USPTO during the prosecution of the '551 patent. Katz Technology Licensing admits that the WO '375 application was disclosed to the USPTO during the prosecution of the '551 patent on October 2, 1996. Katz Technology Licensing denies that the WO '375 application was not disclosed to the USPTO during the prosecution of the '156 patent. Katz Technology Licensing denies that the WO '375 application was not disclosed to the USPTO during the prosecution of the '929 patent. Katz Technology Licensing admits that the WO '375 application was disclosed to the USPTO during the prosecution of the '929 patent on October 17, 1989. Katz Technology Licensing admits that the WO '375 application was not disclosed to the USPTO during the prosecution of the '309 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 136.

39. Katz Technology Licensing admits that the WO '375 application was published on January 15, 1987. The remaining allegations in Paragraph 137 constitute legal conclusions to which no response is required.

40. The terms "material" and "relevant" and "basic elements" in Paragraph 138 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required. No response is required to the remaining allegations of Paragraph 138, as the WO '375 application speaks for itself.

41. Katz Technology Licensing admits that the patent applicant had knowledge of the WO '375 application during prosecution of the '863, '156, '551, '929, '739 '309 and '285 patents. The terms "duty to disclose material information" and "materiality" are so vague and uncertain that Katz Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege a

legal duty or legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 139.

42.     Katz Technology Licensing admits that the WO '375 application was not disclosed to the USPTO during the prosecution of the '739 and '309 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 140.

43.     Katz Technology Licensing admits that certain of the patents asserted against Express Scripts claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. In connection with the allegations in Paragraph 140, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 141.

**PERIPHONICS**

44.     Katz Technology Licensing denies all the allegations set forth Paragraph 142.

45.     Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) ("the *West* case") and therefore denies it. Katz Technology Licensing denies all the remaining allegations set forth Paragraph 143.

46.     Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against Express Scripts. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 144.

47.    Katz Technology Licensing responds that it lacks sufficient information and knowledge to answer the allegations set forth in Paragraph 145 and therefore denies them.

48.    Katz Technology Licensing is unable to ascertain the meaning of the allegation in Paragraph 146 that references are "highly relevant and material to many claims," and therefore denies them on the basis that Katz Technology Licensing lacks sufficient information and knowledge to answer such allegations.  Katz Technology Licensing lacks information and knowledge to answer any remaining allegations set forth in Paragraph 146, and therefore denies them.

49.    Katz Technology Licensing admits that the application for the '965 patent stated:  "During the litigation of [the *West* case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant.  However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)."   U.S. Patent Application 08/306,456, Paper no. 3, filed November 4, 1994.  Katz Technology Licensing further admits that the application also stated: "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)."  Paper no. 3, filed November 4, 1994.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 147.

50.    No response is required to the allegations in Paragraph 148 to the extent the allegations of Paragraph 148 refer to various patent applications, as the applications speak for themselves.  To the extent any further response is required, Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning in and intent of any remaining allegations in Paragraph 148 and therefore denies those allegations.

51.    No response is required to the allegations in Paragraph 149 to the extent the allegations of Paragraph 149 refer to various patent applications, as the applications speak for themselves.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 149.

52.    The term "materiality" used in Paragraph 150 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations Paragraph 150.  Further, to the extent these terms are intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 150.

53.    Katz Technology Licensing denies all allegations set forth in Paragraph 151.

54.    Katz Technology Licensing denies all allegations set forth in Paragraph 152.

**THE CORBETT REFERENCE**

55.    Katz Technology Licensing admits that a reference entitled "Telephone Enquiry System Using Synthetic Speech" by Angela J. Corbett ("the Corbett reference") exists. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 153.

56.    Katz Technology Licensing admits that the Corbett reference was disclosed in connection with the *First Data Resources Inc. v. West Interactive Corp., et al.* litigation, Civil Action No. 91-4471-TJH.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 154.

57.    The phrases "material" and "material to certain of the claimed subject mater" as used in the first sentence of Paragraph 155 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to allow it to answer the allegations in this sentence and therefore denies them.  Moreover, the allegations in the first sentence of Paragraph 155 constitute legal conclusions to which no response is required.  No response to the remaining allegations of Paragraph 155 is required, as the Corbett reference speaks for itself.

58.    Katz Technology Licensing denies all the allegations set forth in Paragraph 156.

59.     Katz Technology Licensing denies all the allegations set forth in Paragraph 157.

60.     Katz Technology Licensing denies all the allegations set forth in Paragraph 158.

## THE MOOSEMILLER REFERENCE

61.     Katz Technology Licensing denies all the allegations set forth in Paragraph 159.

62.     Katz Technology Licensing admits that an article entitled "AT&T's Conversant I Voice System" by John P. Moosemiller ("the Moosemiller article") appeared in the March/April 1986 issue of *Speech Technology*. The phrase "in connection with a lawsuit" is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to allow it to answer the remaining allegations Paragraph 160 and therefore denies them.

63.     The phrases "material" and "material to certain of the claimed subject matter" as used in the first sentence of Paragraph 161 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to allow it to answer the allegations in this sentence and therefore denies them. Moreover, the allegations in the first sentence of Paragraph 161 constitute legal conclusions to which no response is required. No response to the remaining allegations of Paragraph 161 is required, as the Moosemiller article speaks for itself.

64.     Katz Technology Licensing denies all the allegations set forth in Paragraph 162.

65.     Katz Technology Licensing denies all the allegations set forth in Paragraph 163.

## THE DAUDELIN '995 PATENT

66. Katz Technology Licensing admits that U.S. Patent No. 4,943,995 ("the Daudelin '995 patent") was not disclosed during the prosecution of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 164.

67. The term "material" in the first sentence of Paragraph 165 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 165 relate to the system allegedly disclosed by the Daudelin '995 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

68. The term "material" in the first sentence of Paragraph 166 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 166 relate to the claims of the '120 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

69. Katz Technology Licensing admits that the Daudelin '995 patent was disclosed to the USPTO during the prosecution of certain patents asserted against Express Scripts. Katz Technology Licensing further admits that the Daudelin '995 patent was disclosed to the USPTO more than two years prior to the issuance of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 167.

70. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" used in Paragraph 168 are alleged legal conclusions

16

to which no response is required.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 168.

71.    Katz Technology Licensing denies all allegations set forth in Paragraph 169.

72.    Katz Technology Licensing admits that it has asserted the '223 patent against Express Scripts in this action.  Katz Technology Licensing further admits that the '223 patent claims priority to other patents and applications that include the '120 patent.  In connection with the allegations in Paragraph 170, the terms "inequitable conduct," "material," and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 170.

73.    Katz Technology Licensing denies all allegations set forth in Paragraph 171.

## ALLEGED FAILURE TO INFORM THE USPTO OF INCONSISTENT POSITIONS TAKEN DURING PROSECUTION REGARDING THE DAUDELIN PATENT

74.    Katz Technology Licensing admits that the Daudelin '955 and U.S. Patent Nos. 4,797,910 ("the Daudelin '910 patent") and 4,922,519 ("the Daudelin '519 patent") were disclosed to the USPTO during prosecution of certain of the patents asserted against Express Scripts and of other patents.  The remaining allegations of Paragraph 172 relate to the contents of the Daudelin '955, '910, and '519 patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.

75.    Katz Technology Licensing denies all allegations set forth in Paragraph 173.

76.    Katz Technology Licensing admits that during prosecution of the '734 patent, certain documents, including the Daudelin '910 patent, were identified in a March 14, 1995 Supplemental Amendment, and that the patent applicant stated:  "Of the above documents, those identified by a reference numeral D may be pertinent to DNIS capabilities and those

identified by reference numeral A may be pertinent to ANI capabilities." Katz Technology Licensing further admits that the Daudelin '910 patent was not identified with a "D" or an "A" during prosecution of the '734 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 174.

77. Katz Technology Licensing admits that during prosecution of the '551 patent, certain documents, including the Daudelin '910 patent, were identified in an October 2, 1996 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI and/or DNIS. Each of the documents that has some disclosure of DNIS or like function is indicated with a 'D' beside it. Each of the documents that has some disclosure of ANI or like function is indicated with an 'A' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '551 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 175.

78. Katz Technology Licensing admits that during prosecution of the '893 patent, certain documents, including the Daudelin '910 patent, were identified in a March 18, 1997 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI, DNIS and/or of general interest. Each of the documents that has some disclosure of DNIS or some function whereby a called number is provided by a central ability is indicated with a 'D' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '893 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 176.

79.    Katz Technology Licensing admits that the statement, "[a]lthough the present claims are variously distinct for a myriad of reasons, two significant reasons are that Daudelin does not teach DNIS nor does it teach displaying data entered by a caller at the operator terminal" was made by the patent applicant during the prosecution of the '360 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 177.

80.    Katz Technology Licensing denies all allegations set forth in Paragraph 178.

81.    Katz Technology Licensing admits that it has asserted the '120 and '223 patents against Express Scripts in this action.  Katz Technology Licensing further admits that the '120 and '223 patents claim priority to the '734 patents, among other patents and applications. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 179.

82.    Katz Technology Licensing denies all allegations set forth in Paragraph 180.

## ALLEGED FAILURE TO INFORM THE USPTO OF INCONSISTENT POSITIONS TAKEN DURING PROSECUTION REGARDING THE RISKIN PATENT

83.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,757,267 indicates that it was issued to Riskin.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 181.

84.    Katz Technology Licensing admits that the statement, "[r]ecognizing that the Riskin patent discloses the utilization of ANI and DNIS signals to accomplish telephone routing, it is respectfully submitted that applicant's system involves entirely different philosophical considerations and structure" was made by the patent applicant during the prosecution of the '075 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 182.

85.    Katz Technology Licensing admits that U.S. Patent No. 4,757,267 wduring a list of patents disclosed to the USPTO during the prosecution of the '120 patent.  Katz

Technology Licensing admits that U.S. Patent No. 4,757,267 was indicated with an "A" beside it to indicate that it "may be pertinent to ANI capabilities." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 183.

86.    Katz Technology Licensing denies all allegations set forth in Paragraph 184.

87.    Katz Technology Licensing admits that it has asserted the '156 and '223 patents against Express Scripts. Katz Technology Licensing further admits that the '156 and '223 patents claim priority from on or more of the '075 and '120 patent, among other patents and applications. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 185.

88.    Katz Technology Licensing denies all allegations set forth in Paragraph 186.

### ALLEGED FAILURE TO IDENTIFY OR DISCLOSE MATERIAL INFORMATION FROM RELATED LITIGATIONS OR PROCEEDINGS

89.    The allegations in Paragraph 187 constitute legal conclusions to which no response is required.

90.    Katz Technology Licensing denies all allegations set forth in Paragraph 188.

### *WEST INTERACTIVE CORP. V. FIRST DATA RESOURCES, INC.* LITIGATION

91.    Katz Technology Licensing admits that West Interactive Corp. brought a declaratory judgment action against First Data Resources, Inc. in the United States District Court for the District of Nebraska. Katz Technology Licensing further admits that West alleged that the '739, '150, and '773 patents were invalid.

92.    Katz Technology Licensing denies all allegations set forth in Paragraph 190.

93.    Katz Technology Licensing admits that it was aware of the *West Interactive Corp. v. First Data Resources, Inc.* litigation during the prosecution of the '984, '252, '285, '863, '156, '551, '734, '762, '893, '120, '965, '134, '223, '309, '707 and '360 patents. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 191.

94.    The allegations set forth in Paragraph 192 are vague and uncertain and are therefore denied.   The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.    Katz Technology Licensing denies the remaining allegations set forth in Paragraph 192.

### *FIRST DATA RESOURCES, INC. V. 900 MILLION, INC.* LITIGATION

95.    Katz Technology Licensing admits that on October 9, 1990, First Data Resources, Inc. brought suit against 900 Million, Inc. and others in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '773 patents.

96.    Katz Technology Licensing admits that the defendants in the *First Data Resources, Inc. v. 900 Million, Inc.*, litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '150, and '773 patents.

97.    Katz Technology Licensing admits that certain of the '285, '863, '551, '734, '893, '120, '965, '134, '223, '252, '984, '309, '707 and '360 patents claim priority to other patents and applications that include the '739 patent.   Katz Technology Licensing denies all remaining allegations set forth in Paragraph 195.

98.    Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. 900 Million, Inc.* litigation during the prosecution of the '285, '863, '551, '734, '893, '120, '965, '134, '703, '223, '252, '984, '309, '707 and '360 patents.   Katz Technology Licensing denies all remaining allegations in Paragraph 196.

99.     The allegations set forth in Paragraph 197 are vague and uncertain and are therefore denied.   The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 197.

## *FIRST DATA RESOURCES INC. V. WEST INTERACTIVE CORP., ET AL.* LITIGATION

100.     Katz Technology Licensing admits that on August 20, 1991, First Data Resources, Inc. brought suit against West Interactive Corp and Fantasy Sports Concepts, Inc. in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '298 patents.

101.     Katz Technology Licensing admits that the defendants in the *First Data Resources Inc. v. West Interactive Corp., et al.* litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '298, and '150 patents.

102.     Katz Technology Licensing admits that certain of the '285, '863, '551, '734, '893, '576, '120, '762, '309, '707 and '134 patents claim priority to other patents and applications that may, depending upon the patent, include the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 200.

103.     Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. West Interactive Corp., et al.* litigation during the prosecution of the '285, '863, '551, '734, '576, '893, '120, '309, '707 and '134 patents.

104.     Katz Technology Licensing admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '285 patent.  Katz Technology Licensing denies that Examiner Woo was unaware of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation during prosecution

of the '734, '893, '120, '134, '762 and '703 patents. Katz Technology Licensing further admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Thomas W. Brown during the prosecution of the '707 patent. Katz Technology Licensing denies that Examiner Brown was unaware of the litigation and certain document arising from that litigation during prosecution of the '863 and '551 patents. Katz Technology Licensing further admits that, in connection with the '576 patent, the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation were disclosed prior to payment of the issue fee for that patent. Katz Technology Licensing further admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation were not disclosed during the prosecution of the '309 patent. The allegations set forth in Paragraph 202 associated with the terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are vague and uncertain and are therefore denied. Further, the terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 202.

### *RONALD A. KATZ TECHNOLOGY LICENSING, L.P. V. MICRO VOICE APPLICATIONS, INC. ET AL.* LITIGATION

105.    Katz Technology Licensing admits that on February 9, 1999, Katz Technology Licensing brought suit against Micro Voice Applications, Inc. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739, '153, '252, '285, '863, '734, '023 and '707 patents.

106.    Katz Technology Licensing admits that the defendants in the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation alleged that the '739, '153, '252, '023, '285, '707, '863 and '734 patents were invalid and/or unenforceable.

107.    Katz Technology Licensing denies all allegations set forth in Paragraph 205.

108.    Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation during the prosecution of the '965, '762 and '134 patents.

109.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in Paragraph 207 and therefore denies them.  Further, the allegations set forth in Paragraph 207 are vague and uncertain and Katz Technology Licensing  therefore denies them.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 207.

### *RONALD A. KATZ TECHNOLOGY LICENSING, L.P., ET AL.*<br>*V A T& T CORP., ET AL*, LITIGATION.

110.    Katz Technology Licensing admits that on July 8, 1997, Katz Technology Licensing brought suit against AT&T Corp. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739, '150, '298, '075, '929, '984, '631, '153, '252, '309, '023, '285, '645, '120, '707, '633 and '863 patents.

111.    Katz Technology Licensing admits that AT&T alleged that the '739, '150, '298, '075, '929, '984, '631, '153, '252, '309, '023, '285, '645, '120, '707, '863 and '633 patents were invalid.

112.    Katz Technology Licensing denies all allegations set forth in Paragraph 210.

113.    Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp. et al.* litigation during the prosecution of the '893, '762 and '120 patents.

114.    Katz Technology Licensing admits that the existence of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '021, '134 and '703 patents.  Katz Technology Licensing denies that Examiner Woo was unaware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain document arising from that litigation during prosecution of the '762, '893 and '120 patents.  Katz Technology Licensing lacks sufficient information and knowledge to respond to the remaining allegations in the first sentence of Paragraph 212 and on that basis denies them.  The allegations set forth in the second sentence of Paragraph 212 are vague and uncertain and are therefore denied.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 212.

## PATENT INTERFERENCE NO. 103,697

115.    Katz Technology Licensing admits that Patent Interference No. 103,697 was declared on February 13, 1996.  Katz Technology further admits that a decision in Patent Interference No. 103,697 was issued on November 20, 1996.  Katz Technology Licensing also admits that the Board of Patent Appeals and Interferences found that certain limitations of count 1 of Patent Interference No. 103,697 were not entitled to the benefit of the filing date of the '968 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 213.

116.    The term "material to the patent examiners" is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations.  Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required.  Katz Technology Licensing admits that the '863, '156, '965, '734, '893, '120 and '134 patents claim priority to other patents and applications that include the '968 patent.  Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '863,

'156, '551 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 214.

117.    Katz Technology Licensing admits that Patent Interference No. 103,697 was not expressly brought to the attention of the patent examiners during the prosecution of the '863, '965, '734, '893, '120, '156 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 215.

<strong>ALLEGED FAILURE TO DISCLOSE<br>ADVERSE FINDINGS FROM APPEAL RULINGS</strong>

118.    Katz Technology Licensing admits that certain Appeal Rulings of patents related to the patents asserted against Express Scripts upheld rejections made by the patent examiner. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 216.

119.    The allegations in Paragraph 217 relate to the decision of the Board of Patent Appeals and Interferences in Appeal No. 94-0834; Katz Technology Licensing responds that the decision speaks for itself and no further response is required.

120.    The allegations set forth in Paragraph 218 constitute legal conclusions to which no response is required.

121.    Katz Technology Licensing admits that during the prosecution of the '156, '762, '734, '893, '120, '965 and '134 patents, the patent applicant did not expressly inform the USPTO of the USPTO's own earlier decisions with respect to patent claims in related patent applications. The remaining allegations set forth in Paragraph 219 constitute legal conclusions to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 219.

122.    Katz Technology Licensing denies all allegations set forth in Paragraph 220.

## ALLEGED FALSE CLAIMS OF PRIORITY

123.   Katz Technology Licensing denies all allegations set forth in Paragraph 221.

124.   Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent.  Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968.  In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference.  Accordingly, the international application is not properly a reference against the present case."  Katz Technology Licensing admits that the WO '375 application was published more than one year prior to the actual filing date of the '734 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 222.

125.   Katz Technology Licensing admits that in an Amendment filed January 31, 1996 during the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (*e.g.*, '800' or '900')."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 223.

126.   Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated, "[t]he

reference by Hester bears a date of 1985, apparently 'September'. In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 224.

127. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50). However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 225.

128. Katz Technology Licensing denies all allegations set forth in Paragraph 226.

129. Katz Technology Licensing admits that it has asserted the '120 and '223 patents against Express Scripts in this action. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '984 and '734 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 227.

130. Katz Technology Licensing denies all allegations set forth in Paragraph 228.

## PRAYER FOR RELIEF ON EXPRESS SCRIPTS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to Express Scripts' Counterclaim, this Court:

1. Dismiss Express Scripts' Counterclaims with prejudice;

2. Adjudge that Express Scripts is not entitled to any relief, including any of the relief requested in its prayer for relief; and

    3.  Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

           */s/ Julia Heaney*

OF COUNSEL:          _____

           Mary B. Graham (#2256)
Robert T. Haslam        Julia Heaney (#3052)
Andrew C. Byrnes       Benjamin J. Schladweiler (#4601)
HELLER EHRMAN LLP      1201 N. Market Street
275 Middlefield Road      P.O. Box 1347
Menlo Park, CA  94025-3506   Wilmington, DE  19899-1347
650.324.7000        302.658.9200
           mgraham@mnat.com
Michael K. Plimack       jheaney@mnat.com
Dale A. Rice         bschladweiler@mnat.com
HELLER EHRMAN LLP
333 Bush Street        *Attorneys for Plaintiff*
San Francisco, CA  94104-2878   *Ronald A. Katz Technology Licensing, L.P.*
415.772.6000

November 28, 2006
547222

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Kelly Farnan and Steven J. Balick:

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 28, 2006 upon the following individuals in the manner indicated:

### <u>BY E-MAIL</u>

Kelly Farnan
Richards Layton & Finger
farnan@rlf.com

Patrick J. Flinn
Alston & Bird LLP
Patrick.flinn@alston.com

Steven J. Balick
Ashby & Geddes
sbalick@ashby-geddes.com

Charles S. Barquist
Morrison & Forester LLP
cbarquist@mofo.com

*/s/ Julia Heaney*

_____

Julia Heaney (#3052)
jheaney@mnat.com