IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> AHOLD U.S.A., INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 06-545 (GMS) |

**ANSWER AND AFFIRMATIVE DEFENSES OF RITE AID CORPORATION AND RITE AID OF DELAWARE, INC. TO AMENDED COMPLAINT**

Defendants Rite Aid Corporation and Rite Aid of Delaware, Inc. (collectively, "Rite Aid") hereby set forth their Answer and Affirmative defenses to Plaintiff Ronald A. Katz Technology Licensing, L.P.'s ("Plaintiff") Amended Complaint for Patent Infringement ("Amended Complaint").

**ANSWER**

Responding to the individually enumerated paragraphs of the Amended Complaint, Rite Aid states as follows:

**The Parties**

1.  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and, on that basis, denies them.

2.  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint and, on that basis, denies them.

3. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint and, on that basis, denies them.

4. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint and, on that basis, denies them.

5. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint and, on that basis, denies them.

6. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint and, on that basis, denies them.

7. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint and, on that basis, denies them.

8. Rite Aid admits the allegations of paragraph 8 of the Amended Complaint.

9. Rite Aid admits the allegations of paragraph 9 of the Amended Complaint.

10. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint and, on that basis, denies them.

11. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint and, on that basis, denies them.

12. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint and, on that basis, denies them.

13. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint and, on that basis, denies them.

14. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint and, on that basis, denies them.

### Jurisdiction and Venue

15. Rite Aid admits that paragraph 15 of the Amended Complaint purports to bring an action for patent infringement under the patent laws of the United States, but denies that Plaintiff has any viable claim thereunder. Rite Aid admits that this court has jurisdiction over the subject matter of the Amended Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations. Except as expressly admitted, Rite Aid denies the allegations of paragraph 15 of the Amended Complaint.

16. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint and, on that basis, denies them.

17. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint and, on that basis, denies them.

18. Rite Aid Corporation and Rite Aid of Delaware, Inc. admit only that they are subject to personal jurisdiction in the District of Delaware. Rite Aid denies the remainder of the allegations contained in paragraph 18 of the Amended Complaint.

19. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint and, on that basis, denies them.

20. Rite Aid admits only that venue is proper in the District of Delaware as to Rite Aid. Rite Aid denies the remainder of the allegations contained in paragraph 20 of the Amended Complaint.

## Background

21. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and, on that basis, denies them.

22. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and, on that basis, denies them.

23. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and, on that basis, denies them.

24. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint and, on that basis, denies them.

25. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint and, on that basis, denies them.

26. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint and, on that basis, denies them.

27. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint and, on that basis, denies them.

28. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint and, on that basis, denies them.

29. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint and, on that basis, denies them.

30. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint and, on that basis, denies them.

31. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and, on that basis, denies them.

32. Rite Aid denies that it employs the inventions of the patents-in-suit. Rite Aid admits that A2D, L.P., has sought to enter into licensing negotiations with Rite Aid and that,

to date, A2D, L.P. and Rite Aid have not entered into a license agreement. As to the remainder of the allegations of paragraph 32 of the Amended Complaint, Rite Aid is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

## The Asserted Patents

33.  Rite Aid admits that U.S. Patent No. 4,792,968 is entitled "Statistical Analysis System for Use with Public Communication Facility" and on its face lists Ronald A. Katz as inventor and December 20, 1988 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 33 of the Amended Complaint.

34.  Rite Aid admits that U.S. Patent No. 4,930,150 is entitled "Telephonic Interface Control System" and on its face lists Ronald A. Katz as inventor and May 29, 1990 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 34 of the Amended Complaint.

35.  Rite Aid admits that U.S. Patent No. 5,128,984 is entitled "Telephone Interface Call Processing System with Call Selectivity" and on its face lists Ronald A. Katz as inventor and July 7, 1992 as the issue date but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 35 of the Amended Complaint.

36.  Rite Aid admits that U.S. Patent No. 5,251,252 is entitled "Telephone Interface Call Processing System with Call Selectivity" and on its face lists Ronald A. Katz as inventor and October 5, 1993 as the issue date but denies that the patent is valid or enforceable.

Except as expressly admitted, Rite Aid denies the allegations in paragraph 36 of the Amended Complaint.

37.   Rite Aid admits that U.S. Patent No. 5,255,309 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and October 19, 1993 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 37 of the Amended Complaint.

38.   Rite Aid admits that U.S. Patent No. 5,351,285 is entitled "Multiple Format Telephonic Interface Control System" and on its face lists Ronald A. Katz as inventor and September 27, 1994 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 38 of the Amended Complaint.

39.   Rite Aid admits that U.S. Patent No. 5,561,707 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and October 1, 1996 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 39 of the Amended Complaint.

40.   Rite Aid admits that U.S. Patent No. 5,684,863 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and November 4, 1997 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 40 of the Amended Complaint.

41. Rite Aid admits that U.S. Patent No. 5,787,156 is entitled "Telephonic-Interface Lottery System" and on its face lists Ronald A. Katz as inventor and July 28, 1998 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 41 of the Amended Complaint.

42. Rite Aid admits that U.S. Patent No. 5,815,551 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and September 29, 1998 as the issue date, and that said patent has expired, but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 42 of the Amended Complaint.

43. Rite Aid admits that U.S. Patent No. 5,828,734 is entitled "Telephone Interface Call Processing System With Call Selectivity" and on its face lists Ronald A. Katz as inventor and October 27, 1998 as the issue date but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 43 of the Amended Complaint.

44. Rite Aid admits that U.S. Patent No. 5,989,762 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and April 27, 1999 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 44 of the Amended Complaint.

45. Rite Aid admits that U.S. Patent No. 5,917,893 is entitled "Multiple Format Telephonic Interface Control System" and on its face lists Ronald A. Katz as inventor and June 29, 1999 as the issue date, and that said patent has expired but denies that the patent is

valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 45 of the Amended Complaint.

46. Rite Aid admits that U.S. Patent No. 5,974,120 is entitled "Telephone Interface Call Processing System" and on its face lists Ronald A. Katz as inventor and October 26, 1999 as the issue date but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 46 of the Amended Complaint.

47. Rite Aid admits that U.S. Patent No. 6,035,021 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and March 7, 2000 as the issue date and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 47 of the Amended Complaint.

48. Rite Aid admits that U.S. Patent No. 6,044,135 is entitled "Telephonic-Interface Lottery System" and on its face lists Ronald A. Katz as inventor and March 28, 2000 the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 48 of the Amended Complaint.

49. Rite Aid admits that U.S. Patent No. 6,148,065 is entitled "Telephonic-Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and November 14, 2000 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 49 of the Amended Complaint.

50. Rite Aid admits that U.S. Patent No. 4, 6,335,965 is entitled "Voice-Data Telephonic Interface Control System" and on its face lists Ronald A. Katz as inventor and

January 1, 2002 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 50 of the Amended Complaint.

51. Rite Aid admits that U.S. Patent No. 6,349,134 is entitled "Telephonic Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and February 19, 2002 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 51 of the Amended Complaint.

52. Rite Aid admits that U.S. Patent No. 6,424,703 (the "'703 patent") is entitled "Telephone-Interface Lottery System" and on its face lists Ronald A. Katz as inventor and July 23, 2002 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 52 of the Amended Complaint.

53. Rite Aid admits that U.S. Patent No. 6,434,223 is entitled "Telephone Interface Call Processing System With Call Selectivity" and on its face lists Ronald A. Katz as inventor and August 13, 2002 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 53 of the Amended Complaint.

54. Rite Aid admits that U.S. Patent No. 6,512,415 is entitled "Telephone-Interface Game Control System" and on its face lists Ronald A. Katz as inventor and January 29, 2003 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 54 of the Amended Complaint.

55. Rite Aid admits that U.S. Patent No. 6,678,360 is entitled "Telephonic Interface Statistical Analysis System" and on its face lists Ronald A. Katz as inventor and January 13, 2004 as the issue date, and that said patent has expired but denies that the patent is valid or enforceable. Except as expressly admitted, Rite Aid denies the allegations in paragraph 55 of the Amended Complaint.

## FIRST CLAIM

### (ALLEGED PATENT INFRINGEMENT BY AHOLD DEFENDANTS)

56. Rite Aid repeats and incorporates by reference its answers to the allegations contained in paragraphs 1 – 55 of the Amendment Complaint as if fully set forth herein.

57. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint and, on that basis, denies them.

58. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint and, on that basis, denies them.

59. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Amended Complaint and, on that basis, denies them.

60. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint and, on that basis, denies them.

61. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint and, on that basis, denies them.

62. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint and, on that basis, denies them.

63. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint and, on that basis, denies them.

## SECOND CLAIM

### (ALLEGED PATENT INFRINGEMENT BY EXPRESS SCRIPTS)

64. Rite Aid repeats and incorporates by reference its answers to the allegations contained in paragraphs 1 – 63 of the Amendment Complaint as if fully set forth herein.

65. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint and, on that basis, denies them.

66. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Amended Complaint and, on that basis, denies them.

67. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint and, on that basis, denies them.

68. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Amended Complaint and, on that basis, denies them.

69. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Amended Complaint and, on that basis, denies them.

70. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Amended Complaint and, on that basis, denies them.

71. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Amended Complaint and, on that basis, denies them.

## THIRD CLAIM

### (ALLEGED PATENT INFRINGEMENT BY RITE AID)

72. Rite Aid repeats and incorporates by reference its answers to the allegations contained in paragraphs 1 – 71 of the Amendment Complaint as if fully set forth herein.

73. Rite Aid admits only that Rite Aid of Delaware, Inc. operates pharmacies. Except as expressly admitted, Rite Aid denies the allegations of paragraph 73 of the Amended Complaint.

74. Rite Aid admits that Rite Aid of Delaware, Inc. offers to its customers access to customer service and prescription refill functionality. Except as expressly admitted, Rite Aid denies the allegations of paragraph 74 of the Amended Complaint.

75. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint and, on that basis, denies them.

76. Rite Aid denies the allegations in paragraph 76 of the Amended Complaint.

77. Rite Aid denies the allegations in paragraph 77 of the Amended Complaint.

78. Rite Aid denies the allegations in paragraph 78 of the Amended Complaint.

79. Rite Aid denies the allegations in paragraph 79 of the Amended Complaint.

## FOURTH CLAIM

### (ALLEGED PATENT INFRINGEMENT BY BROOKS ECKERD DEFENDANTS)

80. Rite Aid repeats and incorporates by reference its answers to the allegations contained in paragraphs 1 – 79 of the Amended Complaint as if fully set forth herein.

81. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint and, on that basis, denies them.

82. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint and, on that basis, denies them.

83. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint and, on that basis, denies them.

84. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint and, on that basis, denies them.

85. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint and, on that basis, denies them.

86. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Amended Complaint and, on that basis, denies them.

87. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Amended Complaint and, on that basis, denies them.

## ADDITIONAL DEFENSES

### First Additional Defense

Plaintiff is not entitled to any relief against Rite Aid because Rite Aid is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily or in any way, any valid, enforceable claim of the patents asserted against Rite Aid.

### Second Additional Defense

The claims of one or more of the patents asserted against Rite Aid are invalid for failure to meet one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Additional Defense

As discovery may bear out, one or more of the patents asserted against Rite Aid may be unenforceable due to inequitable conduct by Plaintiff, prior assignees of some of the patents-in-suit, by Ronald A. Katz, and/or by their attorneys and appointed representatives before the United States Patent and Trademark Office during the prosecution of the patents-in-suit and/or related patent and patent applications.

### Fourth Additional Defense

The patents asserted against Rite Aid are unenforceable under the doctrine of prosecution laches due to the unreasonable delay in seeking issuance of the patents asserted against Rite Aid.

### Fifth Additional Defense

The claims asserted against Rite Aid are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel due to Plaintiff's unreasonable delay in asserting the patents asserted against Rite Aid.

### Sixth Additional Defense

The claims against Rite Aid are barred, at least in part, pursuant to 35 U.S.C. § 286 for all events occurring more than six years prior to Plaintiff's filing of this Amended Complaint.

### Seventh Additional Defense

The claims against Rite Aid are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Additional Defense

Prosecution history estoppel applies to preclude Plaintiff from maintaining that any claim of the patents asserted against Rite Aid covers, either literally or under the doctrine of equivalents, any of the accused systems operated by Rite Aid.

### Ninth Additional Defense

Rite Aid asserts any ground of invalidity or unenforceability that may be asserted and sustained by any other party with respect to the claims of the patents in issue.

### Request for Relief

Rite Aid respectfully requests that the Court enter judgment in its favor and against Plaintiff on all of Plaintiff's claims; that the Court declare the patents asserted against Rite Aid invalid, void, unenforceable and/or not infringed by Rite Aid; that the Court find this case exceptional and award Rite Aid its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award such other further relief as the Court deems appropriate.

CROSS & SIMON, LLC

*/s/ Sean T. O'Kelly*

Sean T. O'Kelly (No. 4349)
Kristen Healey Cramer (No. 4512)
913 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
*Attorneys for Rite Aid Corporation and
Rite Aid of Delaware, Inc.*

Of Counsel:

Thomas B. Kenworthy
Alison B. Weisberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

and

Thomas A. Schmutz
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-5484
Facsimile: (202) 739-3001


Dated: December 15, 2006

## CERTIFICATE OF SERVICE

I, Sean T. O'Kelly, hereby certify that on December 15, 2006, a copy of the **ANSWER AND AFFIRMATIVE DEFENSES OF RITE AID CORPORATION AND RITE AID OF DELAWARE, INC. TO AMENDED COMPLAINT**, was served upon the below-named counsel of record by electronic filing and additionally in the manner indicated:

### VIA HAND DELIVERY

Mary B. Graham, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

Frederick L Cottrell, Esq.
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Steven J. Balick, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

### VIA FIRST CLASS MAIL

Robert T. Haslam, Esq.
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025-3506

Michael K. Plimack, Esq.
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104-2878

Sean T. O'Kelly (#4349)