IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-545 (GMS) |
| AHOLD U.S.A., INC., et al., | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S REPLY TO COUNTERCLAIMS OF THE JEAN COUTU GROUP

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendants and Counterclaim-Plaintiffs The Jean Coutu Group (PJC) USA, Inc., Eckerd Corporation, Brooks Pharmacy, Inc., Maxi Drug, Inc., and Maxi Drug North, Inc. (collectively, "Jean Coutu" or "Jean Coutu Defendants") as follows:

### NATURE AND BASIS OF ACTION

1.      Katz Technology Licensing:  (a) admits that the Jean Coutu Defendants purport to bring their Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 *et seq.*, as alleged in Paragraph 1 of the Jean Coutu Defendants' Counterclaims; (b) admits that the Jean Coutu Defendants seek declarations that the patents identified in Paragraph 1 of their Counterclaims are not infringed, are invalid and are unenforceable; and (c) denies the viability of the Jean Coutu Defendants' request for declaratory judgment.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 1.

### THE PARTIES, JURISDICTION AND VENUE

2.      Upon information and belief, Katz Technology Licensing admits that the Jean Coutu Group (PJC), USA, Inc. is a corporation organized under the laws of the State of

Delaware having offices at 50 Service Road, Warwick, Rhode Island 02886, as alleged in Paragraph 2.

3.    Upon information and belief, Katz Technology Licensing admits that Eckerd Corporation is a corporation organized under the laws of the State of Delaware having offices at 50 Service Road, Warwick, Rhode Island 02886, as alleged in Paragraph 3.

4.    Upon information and belief, Katz Technology Licensing admits that Brooks Pharmacy, Inc. is a corporation organized under the laws of the State of Delaware having offices at 50 Service Road, Warwick, Rhode Island 02886, as alleged in Paragraph 4.

5.    Upon information and belief, Katz Technology Licensing admits that Maxi Drug, Inc. is a corporation organized under the laws of the State of Delaware having offices at 50 Service Road, Warwick, Rhode Island 02886, as alleged in Paragraph 5.

6.    Upon information and belief, Katz Technology Licensing admits that Maxi Drug North, Inc. is a corporation organized under the laws of the State of Delaware having offices at 50 Service Road, Warwick, Rhode Island 02886, as alleged in Paragraph 6.

7.    Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California with principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

8.    Katz Technology Licensing:  (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that the Jean Coutu Defendants purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 as alleged in Paragraph 8; and (c) denies the viability of Jean Coutu Defendants' request for declaratory judgment.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 8.

9.    Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing in this action.

10.    Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

2

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.     Katz Technology Licensing admits that it is the sole holder of the entire right, title, and interest in the '021, '065, '120, '150, '223, '252, '285, '309, '360, '415, '551, '703, '707, '734, '762, '863, '893, '965, '968, and '984 patents asserted against the Jean Coutu Defendants and identified further in Paragraph 83 of Katz Technology Licensing's Amended Complaint in this action.

12.     Katz Technology Licensing admits that it alleges that the Jean Coutu Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 83 of Katz Technology Licensing's Amended Complaint in this action.

13.     Katz Technology Licensing denies the allegations set forth in Paragraph 13.

14.     Katz Technology Licensing denies the allegations set forth in Paragraph 14.

15.     Katz Technology Licensing denies the allegations set forth in Paragraph 15.

16.     Katz Technology Licensing denies the allegations set forth in Paragraph 16.

## COUNT I

### Declaratory Judgment Regarding Alleged
### Non-Infringement of the Patents-Asserted Against Jean Coutu

17.     In response to Paragraph 17 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 16 of this Reply as if fully set forth herein.

18.     Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Jean Coutu Defendants regarding the Jean Coutu Defendants' infringement of the patents identified in Paragraph 83 of Katz

3

Technology Licensing's Amended Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 18.

19. Katz Technology Licensing denies all allegations set forth in Paragraph 19.

## COUNT II

### Declaratory Judgment Regarding Alleged
### Invalidity of the Patents Asserted Against Jean Coutu

20. In response to Paragraph 20 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 19 of this Reply as if fully set forth herein.

21. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Jean Coutu Defendants regarding the Jean Coutu Defendants' infringement of the patents identified in Paragraph 83 of Katz Technology Licensing's Amended Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 21.

22. Katz Technology Licensing denies all allegations set forth in Paragraph 22.

## COUNT III

### Declaratory Judgment Regarding Alleged
### Unenforceability of the Patents Asserted Against Jean Coutu

23. In response to Paragraph 23 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 22 of this Reply as if fully set forth herein.

24. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Jean Coutu Defendants regarding the Jean Coutu Defendants' infringement of the patents identified in Paragraph 83 of Katz

Technology Licensing's Amended Complaint in this action.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 24.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required.

26.     Katz Technology Licensing denies all the allegations set forth in Paragraph 26.

27.     Katz Technology Licensing admits that certain of the patents asserted against the Jean Coutu Defendants in this action claim priority from other patents and applications that, depending upon the asserted patent, may include U.S. Patent Nos. 4,845,739 ("the '739 patent"); 5,048,075 ("the '075 patent"); 5,365,575 ("the '575 patent"); 6,148,065 ("the '065 patent"); 6,016,344 ("the '344 patent"); 5,014,298 ("the '298 patent"); 5,224,153 ("the '153 patent"); 5,359,645 ("the '645 patent"); 5,073,929 ("the '929 patent") and U.S. Patent Application Nos. 06/753,299 ("the '299 application"); 07/640,337 ("the '337 application") and 07/342,506 ("the '506 application").   The term "relevant" as used in the first sentence of Paragraph 27 and the term "related" as used throughout Paragraph 27 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 27.   Further, to the extent the terms "relevant" and "inequitable conduct" are intended to allege legal relevance or the outcome of the Jean Coutu Defendants' Counterclaims, the allegation constitutes a legal conclusion to which no response is required.   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 27.

28.     Katz Technology Licensing denies all the allegations set forth in Paragraph 28.

## I.     Alleged Failure to Disclose Material Prior Art

29.     Katz Technology Licensing denies all the allegations set forth in Paragraph 29.

A.    **The Barger Patent**

30.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was issued to Barger, Jr., *et al.* Katz Technology Licensing further admits that it had knowledge of the '698 patent in 1989. Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, and '252 patents. Katz Technology Licensing denies all the remaining allegations set forth in Paragraph 30.

31.    Katz Technology Licensing admits that on its face, the '698 patent indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on January 10, 1977. The remaining allegations in Paragraph 31 constitute legal conclusions to which no response is required.

32.    Katz Technology Licensing admits that on its face, the '698 patent is titled "Telephone System For Audio Demonstration And Marketing Of Goods Or Services." The term "material" in the first sentence of Paragraph 32 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 32 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required.

33.    The allegations in Paragraph 33 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

34.    The terms "central features claimed" and "material" as used in the first sentence of Paragraph 34 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the terms "central features" and "material" are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.

The remaining allegations in Paragraph 34 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

35.    Katz Technology Licensing admits that in Appeal No. 94-0834, the Board of Patent Appeals and Interferences affirmed an Examiner's rejection of certain of Katz's pending claims in Application No. 07/640,337. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 35.

36.    Katz Technology Licensing admits that the USPTO cited the Barger patent in its Decision on Request for Reexamination, Control No. 90/008,057, dated July 27, 2006, relating to the '285 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 36.

37.    Katz Technology Licensing admits that the USPTO cited the Barger patent in its Decision on Request for Reexamination, Control No. 90/008,039, dated July 21, 2006, relating to the '551 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 37.

38.    Katz Technology Licensing admits that the USPTO cited the Barger patent in its Decision on Request for Reexamination, Control No. 90/008,051, dated July 21, 2006, relating to the '223 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 38.

39.    Katz Technology Licensing admits that the USPTO cited the Barger patent in its Decision on Request for Reexamination, Control No. 90/008,095, dated September 22, 2006, relating to the '863 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 39.

40.    The terms "materiality" and "relevance" as used in the first sentence of Paragraph 40 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent those terms are intended to allege legal materiality or relevance, the

allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing also admits that PCT Application No. WO 87/00375 claims priority to U.S. Patent Application No. 06/753,299. Katz Technology Licensing further admits that the Supplementary European Search Report identified the '698 patent as a "category x" document. The contents of that search report speak for themselves and the allegations relating to the report require no further response. Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 40.

41.    Katz Technology Licensing admits that all of the patents that it has asserted against the Jean Coutu Defendants in this action claim priority to United States Patent Application No. 06/753,299, which was filed with the USPTO on July 10, 1985. The term "materiality" as used in the second sentence of Paragraph 41 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 41.

42.    Katz Technology Licensing admits that it is the owner of the '698 patent by way of an assignment from First Data Resources, Inc. executed September 17, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 42.

43.    Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, and '252 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 43.

44.    Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that the '698 patent was listed on an information disclosure statement dated September 20, 1994, filed in

connection with U.S. Patent Application No. 08/047,241, which led to the issuance of the '285 patent. Katz Technology Licensing further admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 44.

45. Katz Technology Licensing admits that the '150, '984, '252 and '285 patents have been asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '150, '252, '285, '298, '929 and '984 patents. In connection with the allegations in Paragraph 45, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 45.

46. Katz Technology Licensing denies all allegations set forth in Paragraph 46.

47. Katz Technology Licensing admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '863, '551, '065 and '360 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 47.

48. Katz Technology Licensing admits that the '965 patent is among the patents asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that the '965 patent claims priority from other patents and applications that include the '153 and '298 patents. The term "material" in the first sentence of Paragraph 48 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in that sentence. Further, to the extent that the terms "material" and/or "unenforceable" are intended to allege legal materiality or

unenforceability, the allegation constitutes a legal conclusion as to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 48.

49.    Katz Technology Licensing admits that the '734, '120 and '223 patents are among the patents asserted against the Jean Coutu Defendants in this action.  Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents.  Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '734, '120 and '223 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 49.

50.    Katz Technology Licensing denies all allegations set forth in Paragraph 50.

**B.    The DeBruyn Patent**

51.    Katz Technology Licensing admits that on its face, European Patent No. 0032410 indicates that it was issued to DeBruyn.  Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '285, '252, '739, '929 and '984 patents.  Katz Technology Licensing further admits that the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '150, '984, '252, '285, '739 or '929 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 51.

52.    Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981.  The remaining allegations in Paragraph 52 constitute legal conclusions to which no response is required.

53.    The term "material" in the first sentence of Paragraph 53 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.

The remaining allegations in Paragraph 53 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

54.     The allegations in Paragraph 54 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

55.     The terms "relevant" and "material" in the first sentence of Paragraph 55 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent these terms are intended to allege legal relevance or materiality, the allegation constitutes a legal conclusion to which no response is required.  The remaining allegations in Paragraph 55 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

56.     Katz Technology Licensing admits that Canadian Patent No. 1,162,336 was cited in the Order Granting Request for Reexamination for each of U.S. Patent Nos. 5,561,707 ("the '707 patent") and 5,255,309 ("the '309 patent"). Katz Technology Licensing further admits that the Director Initiated Order for Reexamination with respect to the '309 patent states:  "In view of the teachings of Canadian Patent 1,162,336 to DeBruyn, a substantial new question of patentability is raised as to claim 23 of U.S. Patent No. 5,255,309, and a reexamination of all the patent claims as to the substantial new question of patentability is appropriate."  Katz Technology Licensing further admits that the '707 and '309 patents claim priority from, among other patents and applications, the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 56.

57.     Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, DeBruyn . . . ."  Katz Technology

Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, rejected claims 1, 7-12, 14, 20, 24, 32, 38-42, 52-58 pursuant to 35 U.S.C. § 103(a) based in part or in whole on Canadian Patent No. 1,162,336. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 57.

       58.    The term "materiality" as used in the first sentence of Paragraph 58 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the Barger patent '698 patent and the DeBruyn patent, European Patent No. 0032410, were cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 58.

       59.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '075, '739, '929, '984, and '252 patents. The terms "materiality" and "material prior art" as used in Paragraph 59 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 59. Further, to the extent the terms "materiality" and "material prior art" are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 59.

       60.    Katz Technology Licensing denies that the DeBruyn patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that

Canadian Patent No. 1, 162,336, issued to DeBruyn, was disclosed during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 60.

61.     Katz Technology Licensing admits that the '150, '285 and '984 patents have been asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '075, '929 and '252 patents. In connection with the allegations in Paragraph 61, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 61.

62.     Katz Technology Licensing denies all allegations set forth in Paragraph 62.

63.     Katz Technology Licensing admits that the '984, '252, '309, '285, '707, '863, '551, '734, '762, '893, '120, '021, '065, '965, '703, '223, '415 and '360 patents have been asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 63.

64.     Katz Technology Licensing admits that the '734, '120 and '223 patents are among the patents asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing further admits that terminal disclaimers

were filed during the prosecution of the '734, '120 and '223 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 64.

65.     Katz Technology Licensing denies all allegations set forth in Paragraph 65.

### C.     The Yoshizawa Article

66.     Katz Technology Licensing admits that an article titled "Voice Response System for Telephone Betting," by Yoshizawa, *et al*. ("the Yoshizawa article"), appeared in a 1977 issue of Hitachi Review.  Katz Technology Licensing admits that it has asserted the '309 and '707 patents against the Jean Coutu Defendants in this action, and that the '707 patent claims priority from the '309 patent.  Katz Technology Licensing denies that the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '575 patent.  Katz Technology Licensing admits that the Yoshizawa article was disclosed to the PTO during the prosecution of the '575 patent on September 16, 1994.  Katz Technology Licensing admits that the Yoshizawa article was not disclosed to the USPTO during the prosecution of the '309 patent. Katz Technology Licensing further denies all remaining allegations set forth in Paragraph 66.

67.     Katz Technology Licensing admits that the Yoshizawa article is titled "Voice Response System for Telephone Betting."  The allegations in Paragraph 67 relate to the system allegedly disclosed by the Yoshizawa article; Katz Technology Licensing responds that the article speaks for itself and no further response is required.

68.     The term "relevant" in the first sentence of Paragraph 68 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 68 relate to the system allegedly disclosed by the Yoshizawa article; Katz Technology Licensing responds that the article speaks for itself and no further response is required.

69.     The term "relevant" in the first sentence of Paragraph 69 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required.  The remaining allegations in Paragraph 69 relate to the system allegedly disclosed by the Yoshizawa article; Katz Technology Licensing responds that the article speaks for itself and no further response is required.

70.     The term "materiality" in the first sentence of Paragraph 70 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing admits that the Yoshizawa article was cited in a September 2, 1992 interrogatory response during discovery in *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.).  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 70.

71.     Katz Technology Licensing denies all allegations set forth in Paragraph 71.

72.     Katz Technology Licensing denies all allegations set forth in Paragraph 72.

73.     Katz Technology Licensing denies all allegations set forth in Paragraph 73.

74.     Katz Technology Licensing admits it has asserted the '707 patent against the Jean Coutu Defendants in this action.  Katz Technology Licensing further admits that the '707 patent claims priority from the '309 patent.  Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '309 and '707 patents, which disclaimed the term of the '309 and '707 patents beyond the expiration of the '968 patent.  Katz Technology Licensing denies all allegations set forth in Paragraph 74.

75.    Katz Technology Licensing denies all allegations set forth in Paragraph 75.

**D.    The Florafax Brochure**

76.    Katz Technology Licensing admits that a document dated January 22, 1986 that indicates that it was distributed by Florafax exists (the "Florafax brochure").  Katz Technology Licensing admits that the issue fee for the '575 patent was paid on June 29, 1994.  Katz Technology Licensing denies that the Florafax brochure was not disclosed to the USPTO during the prosecution of the '575 patent.  Katz Technology Licensing admits that the Florafax brochure was disclosed to the USPTO during the prosecution of the '575 patent on September 16, 1994.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 76.

77.    The term "material" in the first sentence of Paragraph 77 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing lacks sufficient information or knowledge to respond to the allegations in the last sentence of Paragraph 77 and therefore denies them.  The remaining allegations in Paragraph 77 relate to the service allegedly disclosed by the Florafax brochure; Katz Technology Licensing responds that the brochure speaks for itself and no further response is required.

78.    Katz Technology Licensing denies all allegations set forth in Paragraph 78.

79.    Katz Technology Licensing admits that the Florafax brochure was produced in *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471 -TJH (C.D. Cal.).  Katz Technology Licensing lacks sufficient information or knowledge to respond to the remaining allegations in Paragraph 79 and on that basis denies them.

80.     Katz Technology Licensing denies all allegations set forth in Paragraph 80.

81.     Katz Technology Licensing denies all allegations set forth in Paragraph 81.

82.     Katz Technology Licensing denies all allegations set forth in Paragraph 82.

83.     Katz Technology Licensing admits that the '703 patent is among the patents asserted against the Jean Coutu Defendants in this action.  Katz Technology Licensing further admits that the '703 patent claims priority from other patents and applications that include the '575 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 83.

84.     Katz Technology Licensing denies all allegations set forth in Paragraph 84.

**E.     Perdue and Hester Articles**

85.     Katz Technology Licensing admits that an article entitled "Conversant I Voice Systems: Architecture and Applications" by R.J. Perdue, *et al.* ("the Perdue article") appeared in the September/October 1986 issue of *AT&T Technical Journal*.  Katz Technology Licensing further admits that the Perdue article was not disclosed during the prosecution of the '309 patent**.**  Katz Technology Licensing further admits that the Perdue article was cited by Examiner Thomas W. Brown during the prosecution of the '404 patent in an office action dated June 3, 1991.  Katz Technology Licensing further admits that the Perdue article was cited by Examiner Brown during the prosecution of the '631 patent in an office action dated June 17, 1991.  Katz Technology Licensing denies that Examiner Brown was unaware of the Perdue article during the prosecution of the '309 patent, the application leading to which was filed on December 3, 1991.

86.    Katz Technology Licensing admits that a paper entitled "The AT&T Multimode Voice Systems-Full Spectrum Solutions for Speech Processing Applications" by S. D. Hester, *et al.* ("the Hester article") was presented at the Proceedings of the 1985 AVIOS Conference in September, 1985.  Katz Technology Licensing further admits that the Hester article was not disclosed during the prosecution of the '309 patent**.**  Katz Technology Licensing further admits that the Hester article was cited by Examiner Thomas W. Brown during the prosecution of the '404 patent in an office action dated June 3, 1991.  Katz Technology Licensing denies that Examiner Brown was unaware of the Perdue article during the prosecution of the '309 patent, the application leading to which was filed on December 3, 1991.

87.    The term "material" in the first sentence of Paragraph 87 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that an article entitled "AT&T's Conversant I Voice System" by John P. Moosemiller ("the Moosemiller article") appeared in the March/April 1986 issue of *Speech Technology*.  Katz Technology Licensing further admits that in a non-final Office Action in Ex Parte Reexamination (Application Control Nos. 90/007,092; 90/006,976 and 90/007,884), dated September 29, 2006, states: "Claims 1-6, 13, 15-19, 21, and 22 are rejected under 35 U.S.C. 102(b) as being anticipated by the article Moosemiller entitled "AT&T's Conversant™ I Voice System" in *Speech Technology,* Mar/Apr 1986, pp. 88-93."   The remaining allegations in Paragraph 87 relate to the service allegedly disclosed by the Perdue, Hester and Moosemiller articles; Katz Technology Licensing responds that the articles speak for themselves and no further response is required.

88.    Katz Technology Licensing admits that the USPTO cited the Perdue article in its Decision on Request for Reexamination, Control No. 90/008,155, dated November 6, 2006, relating to the '734 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 88.

89.    The term "materiality" in the first sentence of Paragraph 89 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 89.

90.    The terms "materiality" and "material prior art" used in Paragraph 90 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations.  Further, to the extent these terms are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 90.

91.    Katz Technology Licensing admits that it has asserted the '309 patent against the Jean Coutu Defendants in this action.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 91.

92.    Katz Technology Licensing admits that the '707 patent asserted against the Jean Coutu Defendants in this action claims priority from the '309 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 92.

93.    Katz Technology Licensing admits it has asserted the '707 and '309 patents against the Jean Coutu Defendants in this action.  Katz Technology Licensing admits that terminal disclaimers were filed during the prosecution of the '309 and '707 patents, which disclaimed the term of the '309 and '707 patents beyond the expiration of the '968 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 93.

94.    Katz Technology Licensing denies all allegations set forth in Paragraph 94.

F.    **International Application WO 87/00375**

95.    Katz Technology Licensing admits that it has asserted the '285 patent against the Jean Coutu Defendants in this action.  Katz Technology Licensing denies that PCT

Application No. WO 87/00375 ("the WO '375 application") was not disclosed to the USPTO during the prosecution of the '285 patent. Katz Technology Licensing admits that the issue fee for the '285 patent was paid on June 3, 1994. Katz Technology Licensing further admits that the WO '375 application was disclosed to the USPTO during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing admits that the WO '375 application was not disclosed to the USPTO during the prosecution of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 95.

96.     Katz Technology Licensing admits that the WO '375 application is titled "Statistical Analysis System for Use with Public Communication Facility." The remaining allegations relate to the system allegedly disclosed in the WO '375 application; Katz Technology Licensing responds that the application speaks for itself and that no further response is required.

97.     Katz Technology Licensing admits that the WO '375 application was filed pursuant to the Patent Cooperation Treaty ("PCT") and published on January 15, 1987. The remaining allegations in Paragraph 97 constitute legal conclusions to which no response is required.

98.     Katz Technology Licensing admits that the application that led to the '739 patent was filed on May 16, 1998 and that the application that led to the '285 patent was filed on April 13, 1993. The allegations in the second and third sentences of Paragraph 98 relate to the contents of the '739 and the '285 patents and the WO '375 application, which speak for themselves and as to which no further response is required. The remaining allegations in Paragraph 98 constitute legal conclusions to which no response is required.

99.     The terms "material," "materiality" and "relevant" in Paragraph 99 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was cited by the examiner in an Office Action dated March 5, 1991 for U.S.

Patent Application No. 07/425,779, which resulted in the issued '984 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 99.

100.    Katz Technology Licensing admits that the patent applicant had knowledge of the WO '375 application during prosecution of the '739 and '285 patents. The term "duty to disclose information material to the patentability of any of Katz's pending patent applications" is so vague and uncertain that Katz Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege a legal duty or legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 100.

101.    Katz Technology Licensing admits that the '285 patent has been asserted against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. In connection with the allegations in Paragraph 101, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 101.

102.    Katz Technology Licensing admits that certain of the patents asserted against the Jean Coutu Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 and '285 patents. In connection with the allegations in Paragraph 102, the terms "inequitable conduct," "material," and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 102.

103.    Katz Technology Licensing denies all allegations set forth in Paragraph 103.

21

### G.    The Daudelin '995 Patent

104.    Katz Technology Licensing admits that U.S. Patent No. 4,943,995 was not disclosed during the prosecution of the '120 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 104.

105.    Katz Technology Licensing admits that U.S. Patent No. 4,943,995, on its face, indicates that it was filed with the USPTO on October 8, 1986 and issued on July 24, 1990 to Daudelin, *et al*. ("the Daudelin '995 patent").  Katz Technology Licensing further admits that U.S. Patent No. 5,974,120 was filed on June 7, 1995.  The remaining allegations in Paragraph 105 constitute legal conclusions to which no response is required.

106.    The term "material" in the first sentence of Paragraph 106 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 106 relate to the system allegedly disclosed by the Daudelin '995 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

107.    The term "material" in the first sentence of Paragraph 107 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 107 relate to the claims of the '120 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

108.    Katz Technology Licensing admits that the Daudelin '995 patent was disclosed to the USPTO during the prosecution of certain patents asserted against the Jean Coutu Defendants.  Katz Technology Licensing further admits that the Daudelin '995 patent was

disclosed to the USPTO more than two years prior to the issuance of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 108.

109.   Katz Technology Licensing denies all allegations set forth in Paragraph 109.

110.   Katz Technology Licensing denies all allegations set forth in Paragraph 110.

111.   Katz Technology Licensing admits that it has asserted the '223 patent against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that the '223 patent claims priority to other patents and applications that include the '120 patent. In connection with the allegations in Paragraph 111, the terms "inequitable conduct," "material," and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 111.

112.   Katz Technology Licensing denies all allegations set forth in Paragraph 112.

**H.   The Szlam '911 patent**

113.   Katz Technology Licensing admits that on its face, U.S. Patent No. 4,797,911 indicates that it was issued to Szlam, *et al*. ("the Szlam '911 patent"). Katz Technology Licensing admits it was aware of the Szlam '911 patent during the prosecution of the '309 patent. Katz Technology Licensing further admits that the Szlam '911 patent was not disclosed during the prosecution of the '309 patent. Katz Technology Licensing further admits it has asserted the '309 patent against the Jean Coutu Defendants in this action. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 113.

114.   Katz Technology Licensing admits that on its face, the Szlam '911 patent indicates that it was filed on June 16, 1987 and issued on January 10, 1989. Katz Technology Licensing admits that the application which led to the issuance of the '309 patent was filed on

December 3, 1991.  The remaining allegations in Paragraph 114 are legal conclusions to which no response is required.

115.    The allegations in the first sentence of Paragraph 115 relate to the system allegedly disclosed by the Szlam '911 patent; Katz Technology Licensing responds that the Szlam '911 patent speaks for itself and no further response is required.  The remaining allegations set forth in Paragraph 115 constitute legal conclusions to which no response is required.

116.    The term "material" used in the first and third sentences of Paragraph 116 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in those sentences.  Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  The allegations in the second sentence of Paragraph 116 relate to the system allegedly disclosed by the Szlam '911 patent; Katz Technology Licensing responds that the Szlam '911 patent speaks for itself and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 116.

117.    Katz Technology Licensing admits that during the prosecution of the '150 patent, it stated in an amendment dated October 5, 1989:  "It is noteworthy that the utilization of ANI and DNIS signals is not foreign to the patent literature.  In that regard, the following patents are deemed relative to the present application: . . . U.S. Patent 4,797,922 – Szlam et al. - CUSTOMER ACCOUNT ON-LINE SERVICING SYSTEM. . . .  It is generally noteworthy that neither Riskin nor Szlam appears to be a reference with regard to the present case; however, as a further consideration it is significant that the claims herein clearly distinguish the disclosure of these patents."  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 117.

118.    Katz Technology Licensing denies all allegations set forth in Paragraph 118.

119.    Katz Technology Licensing denies all allegations set forth in Paragraph 119.

120.    Katz Technology Licensing admits it asserted the '707 patent against the Jean Coutu Defendants.  Katz Technology Licensing further admits that the '707 patent claims priority from the '309 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 120.

121.    Katz Technology Licensing denies all allegations set forth in Paragraph 121.

I.    **The Periphonics Art**

122.    Katz Technology Licensing denies the allegations set forth in the first sentence of Paragraph 122.  Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) (the "*West* case") and therefore denies it. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the Jean Coutu Defendants.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 122.

123.    Katz Technology Licensing admits that the application for the '965 patent stated:  "During the litigation of [the *West* case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant.  However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)."  U.S. Patent Application 08/306,456, Paper no. 3, filed November 4, 1994.  Katz Technology Licensing further admits that the application also stated:  "The voluminous quantity of art identified during litigation,

excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)." Paper no. 3, filed November 4, 1994. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 123.

124.    No response is required to the allegations in Paragraph 124 to the extent the allegations of Paragraph 124 refer to various patent applications, as the applications speak for themselves. To the extent any further response is required, Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning in and intent of any remaining allegations in Paragraph 124 and therefore denies those allegations.

125.    In response to the allegations of Paragraph 125, Katz Technology Licensing incorporates it responses to paragraphs 123 and 124. Katz Technology Licensing further responds that it lacks sufficient information and knowledge to answer the remaining allegations set forth in Paragraph 125 and therefore denies them.

126.    Katz Technology Licensing is unable to ascertain the meaning of the allegation in Paragraph 126 that references are "highly relevant to many claims," and therefore denies them on the basis that Katz Technology Licensing lacks sufficient information and knowledge to answer such allegations. Further, to the extent that this phrase is meant to allege legal relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing lacks information and knowledge to answer any remaining allegations set forth in Paragraph 126, and therefore denies them.

127.    The terms "knowingly withheld," "materiality," "violation of the duty of candor and good faith," "inequitable conduct," "rendered unenforceable," and "inequitable conduct" used in Paragraph 127 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent these terms are intended to allege legal intent, materiality or conclusions regarding duty, conduct or enforceability, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 127.

128.    The terms "directly related" and "rendered unenforceable" as used in the first sentence of Paragraph 128 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent these terms are intended to allege legal relevance or conclusions regarding enforceability, the allegations constitute legal conclusions to which no response is required.  To the extent the allegations of Paragraph 128 refer to the content of patent specifications, Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing admits that (a) the '762 patent is a divisional application of the '344 patent; (b) the '360 patent is a continuation of the '065 patent, which is a continuation of the '551 patent, which is a continuation of the '344 patent; (c) the '707 patent is a continuation of the '309 patent, which is a divisional application of Application No. 07/640,377, which is a continuation of the '344 patent; and (d) that the '863 patent is a continuation of the '344 patent, which is a continuation of the '739 patent.  Katz Technology Licensing further admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '065, '360, '707, '863, and '551 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 128.

129.    Katz Technology Licensing denies all allegations set forth in Paragraph 129.

## II.    Alleged Failure to Inform the USPTO of Inconsistent Positions Taken During Prosecution

### A.    The Daudelin Patents

130.    Katz Technology Licensing admits that the Daudelin '955 patent; U.S. Patent Nos. 4,797,910 ("the Daudelin '910 patent"); and 4,922,519 ("the Daudelin '519 patent") were disclosed to the USPTO during prosecution of certain of the patents asserted against the Jean Coutu Defendants and of other patents.  The remaining allegations of Paragraph 130 relate

to the contents of the Daudelin '955, '910, and '519 patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.

131.    Katz Technology Licensing denies all allegations set forth in Paragraph 131.

132.    Katz Technology Licensing admits that during prosecution of the '734 patent, certain documents, including the Daudelin '910 patent, were identified in a March 14, 1995 Supplemental Amendment, and that the patent applicant stated: "Of the above documents, those identified by a reference numeral D may be pertinent to DNIS capabilities and those identified by reference numeral A may be pertinent to ANI capabilities." Katz Technology Licensing further admits that the Daudelin '910 patent was not identified with a "D" or an "A" during prosecution of the '734 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 132.

133.    Katz Technology Licensing admits that during prosecution of the '551 patent, certain documents, including the Daudelin '910 patent, were identified in an October 2, 1996 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI and/or DNIS. Each of the documents that has some disclosure of DNIS or like function is indicated with a 'D' beside it. Each of the documents that has some disclosure of ANI or like function is indicated with an 'A' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '551 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 133.

134.    Katz Technology Licensing admits that the statement, "[a]lthough the present claims are variously distinct for a myriad of reasons, two significant reasons are that Daudelin does not teach DNIS nor does it teach displaying data entered by a caller at the

operator terminal" was made by the patent applicant during the prosecution of the '360 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 134.

135.    Katz Technology Licensing denies all allegations set forth in Paragraph 135.

136.    Katz Technology Licensing admits that it has asserted the '120, '065, and '223 patents against the Jean Coutu Defendants in this action.  Katz Technology Licensing further admits that the '120, '065, and '223 patents claim priority to one or more of the '551, and '734 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 136.

137.    Katz Technology Licensing denies all allegations set forth in Paragraph 137.

**B.    The Riskin Patent**

138.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,757,267 indicates that it was issued to Riskin.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 138.

139.    Katz Technology Licensing admits that the statement, "[r]ecognizing that the Riskin patent discloses the utilization of ANI and DNIS signals to accomplish telephone routing, it is respectfully submitted that applicant's system involves entirely different philosophical considerations and structure" was made by the patent applicant during the prosecution of the '075 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 139.

140.    Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was on a list of patents disclosed to the USPTO during the prosecution of the '120 patent.  Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was indicated with an "A" beside it to indicate that it "may be pertinent to ANI capabilities."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 140.

141.    Katz Technology Licensing denies all allegations set forth in Paragraph 141.

142.    Katz Technology Licensing admits that it has asserted the '703 and '223 patents against the Jean Coutu Defendants.  Katz Technology Licensing further admits that the '703 and '223 patents claim priority from one or more of the '075 and '120 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 142.

143.    Katz Technology Licensing denies all allegations set forth in Paragraph 143.

### III.    Alleged Failure to Identify or Disclose Material Information From Other Litigations or Proceedings

144.    The allegations in Paragraph 144 constitute legal conclusions to which no response is required.

145.    Katz Technology Licensing denies all allegations set forth in Paragraph 145.

### A.    *West Interactive Corp. v. First Data Resources, Inc.* Litigation

146.    Katz Technology Licensing admits that West Interactive Corp. brought a declaratory judgment action against First Data Resources, Inc. in the United States District Court for the District of Nebraska.  Katz Technology Licensing further admits that West alleged that the '739, '150, and '773 patents were invalid.  Katz Technology Licensing denies the remaining allegations in Paragraph 146.

147.    Katz Technology Licensing denies all allegations set forth in Paragraph 147.

148.    Katz Technology Licensing admits that it was aware of the *West Interactive Corp. v. First Data Resources, Inc.* litigation during the prosecution of the '984, '252, '309, '285, '707, '863, '551, '734, '762, '893, '120, '021, '065, '965, '703, '223, '415 and '360 patents..  Katz Technology Licensing denies the remaining allegations in Paragraph 148.

149.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 149 and therefore denies them. The allegations set forth in the second sentence of Paragraph 149 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 149.

B.    *First Data Resources, Inc. v. 900 Million, Inc.* **Litigation**

150.    Katz Technology Licensing admits that on October 9, 1990, First Data Resources, Inc. brought suit against 900 Million, Inc. and others in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '773 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 150.

151.    Katz Technology Licensing admits that the defendants in the *First Data Resources, Inc. v. 900 Million, Inc.*, litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '150, and '773 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 151.

152.    Katz Technology Licensing admits that certain of the '984, '252, '309, '707, '285, '863, '551, '734, '762, '893, '120, '965, '703 and '360 patents claim priority to other patents and applications that include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 152.

153.    The term "material information arising therefrom" is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc.*

31

*v. 900 Million, Inc.* litigation during the prosecution of the '984, '252, '309, 707, '285, '863, '551, '734, '762, '893, '120, '965, '223 and '360 patents. Katz Technology Licensing denies all remaining allegations in Paragraph 153.

154.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 154 and therefore denies them. The allegations set forth in the second sentence of Paragraph 154 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 154.

C.    *First Data Resources Inc. v. West Interactive Corp., et al.* **Litigation**

155.    Katz Technology Licensing admits that on August 20, 1991, First Data Resources, Inc. brought suit against West Interactive Corp and Fantasy Sports Concepts, Inc. in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '298 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 155.

156.    Katz Technology Licensing admits that the defendants in the *First Data Resources Inc. v. West Interactive Corp., et al.* litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '298, and '150 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 156.

157.    Katz Technology Licensing admits that certain of the '309, '707, '984, '252, '285, '863, '551, '734, '120, '762, '893, '021, '065, '965, '703 '223, '415 and '360 patents claim priority to other patents and applications that may, depending upon the patent, include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 157.

158.    Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. West Interactive Corp., et al.* litigation during the prosecution of the '309, '707, '984, '252, '285, '863, '551, '734, '120, '762, '893, '021, '065, '965, '703, '223, '415 and '360 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 158.

159.    Katz Technology Licensing admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '285 patent.  Katz Technology Licensing denies that Examiner Woo was unaware of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation during prosecution of the '734 and '120 patents.  Katz Technology Licensing further admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Thomas W. Brown during the prosecution of the '707 patent.  Katz Technology Licensing denies that Examiner Brown was unaware of the litigation and certain document arising from that litigation during prosecution of the '863 and '551 patents.  Katz Technology Licensing admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were not disclosed during the prosecution of the '984 patent.  The allegations set forth in the second sentence of Paragraph 136 are vague and uncertain and are therefore denied.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 159.

D.    ***Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc. et al.*** **Litigation**

160.    Katz Technology Licensing admits that on February 9, 1999, Katz Technology Licensing brought suit against Micro Voice Applications, Inc. and others in the United States District Court for the Northern District of California for the alleged infringement

of the '739, '153, '252, '285, '863, '734, '023 and '707 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 160.

161.    Katz Technology Licensing admits that the defendants in the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation alleged that the '739, '153, '252, '023, '285, '707, '863 and '734 patents were invalid and/or unenforceable. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 161.

162.    Katz Technology Licensing denies all allegations set forth in Paragraph 162.

163.    Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation during the prosecution of the '065 and '965 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 163.

164.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 164 and therefore denies them.  The allegations set forth in the second sentence of Paragraph 164 are vague and uncertain and are therefore denied.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.    Katz  Technology  Licensing  denies  the  remaining  allegations  set  forth  in Paragraph 164.

E.    *Ronald A. Katz Technology Licensing, L.P., et al. v. A T& T Corp., et al.* Litigation

165.    Katz Technology Licensing admits that on July 8, 1997, Katz Technology Licensing brought suit against AT&T Corp. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739, '150, '298, '075, '929, '984, '153, '252, '309, '285, '645, '120, '707 and '863 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 165.

34

166.     Katz Technology Licensing admits that AT&T alleged that the '739, '150, '298, '075, '929, '984, '153, '252, '309, '285, '645, '120, '707, and '863 patents were invalid. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 166.

167.     Katz Technology Licensing denies all allegations set forth in Paragraph 167.

168.     Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp. et al.* litigation during the prosecution of the '120 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 168.

169.     Katz Technology Licensing admits that the existence of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '021, '134 and '703 patents.  Katz Technology Licensing denies that Examiner Woo was unaware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain document arising from that litigation during prosecution of the '120 patent.  Katz Technology Licensing lacks sufficient information and knowledge to respond to the remaining allegations in the first sentence of Paragraph 169 and on that basis denies them.  The allegations set forth in the second sentence of Paragraph 169 are vague and uncertain and are therefore denied.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 169.

**F.     Patent Interference No. 103,697**

170.     Katz Technology Licensing admits that Patent Interference No. 103,697 was declared on February 13, 1996.  Katz Technology further admits that a decision in Patent Interference No. 103,697 was issued on November 20, 1996.  Katz Technology Licensing also admits that the Board of Patent Appeals and Interferences found that certain limitations of count

1 of Patent Interference No. 103,697 were not entitled to the benefit of the filing date of the '968 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 170.

171. The term "material to the patent examiners" is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the '863, '965, '734 and '120 patents claim priority to other patents and applications that include the '968 patent. Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '863 and '551 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 171.

172. Katz Technology Licensing admits that Patent Interference No. 103,697 was not expressly brought to the attention of the patent examiners during the prosecution of the '863, '965, '734 and '120 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 172.

173. Katz Technology Licensing denies all allegations set forth in Paragraph 173.

## IV.    Alleged Failure to Inform Patent Examiners of Adverse Findings by Others

174. The allegations in Paragraph 174 relate to the Manual of Patent Examining Procedure; Katz Technology Licensing responds that the Manual speaks for itself and no further response is required.

### A.    Other Patent Prosecutions

175. Katz Technology Licensing admits that during prosecution of the '344 patent, the patent applicant asserted that the '968 patent specification supported the claim limitation "automatic number identification (ANI) decoder means responsive to predetermined signals on said telephone trunk for providing a calling party identification number." Katz

Technology Licensing further admits that in a Request for Information under 37 CFR 1.607, filed a part of the prosecution of the '344 patent, the statement, "[r]eferences cited are based on U.S. Patent No. 4, 792, 968 to Katz with a filing date on Feb. 14, 1987, of which the present application is a continuation" appeared in a footnote. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 175.

176. Katz Technology Licensing admits that in a May 16, 1990 non-final Office Action issued during the prosecution of the '344 patent, the examiner stated that, "the present application is not a continuation of '968." Katz Technology Licensing further admits that the '344 patent is a continuation of the '739 patent, which is a continuation-in-part of the '968 pate"). Katz Technology Licensing further admits that in the May 16, 1990 Office Action, the examiner states: "Applicants refer (R/l, bottom half of page 25) to '968's allusion (at column 5, lines 57-61) to '[Telephone number] data [which] could be taken directly from the system as it is available in certain telephone apparatus of the facility C.' The examiner concedes that one of ordinary skill in the art would expect the cited patent passage to be referring to ANI signals available in many central offices; however, applicant's patent does not in fact disclose or describe any 'automatic number identification (ANI) decoder means' . . . ." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 176.

177. Katz Technology admits that Patent Interference No. 103,697 involves the '344 patent and is therefore part of the prosecution of the '344 patent. Katz Technology Licensing further admits that the patent applicant asserted that the '968 patent specification supported the claim limitation "means connected to said interface switching means for directly providing a caller telephone number from said telephone facility." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 177.

178. The allegations set forth in Paragraph 178 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and therefore denies those allegations. Katz Technology Licensing lacks sufficient information or knowledge

to respond to the allegations in the second sentence of Paragraph 178 and also denies those allegations on that basis.

179.    Katz Technology Licensing admits that Count 1 of Patent Interference was awarded to Szlam, *et al*.  The terms "repudiation," "material" and "lacking by the Board" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies them.  Further, to the extent those terms are intended to allege legal repudiation or materiality, the allegations constitute legal conclusions to which no response is required.  The last sentence of Paragraph 179 relates to Count 1 of Patent Interference 103,697; the contents of Count 1 speak for themselves and no further response is required.  Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 179.

180.    Katz Technology Licensing denies all allegations set forth in Paragraph 180.

181.    Katz Technology Licensing admits that during prosecution of the '965 patent, the applicant stated "Claim 68, as amended, requires receiving a customer identification number for a caller that may be utilized to access a file for the individual caller, testing at least a portion of it for approval, and transferring a call from an individual caller to an operator attended terminal and displaying at least a portion of data stored in a file to the operator under control of the customer identification number to allow the operator to complete the call. Claim 68, as amended, is fully supported by Applicant's earlier parent patent no. 4,792,968, which was filed on February 24, 1987, before either Szlam et al. or Masson et al. filed their applications for patent."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 181.

182.    Katz Technology Licensing denies all allegations set forth in Paragraph 182.

183.    Katz Technology Licensing denies all allegations set forth in Paragraph 183.

184.    Katz Technology Licensing denies all allegations set forth in Paragraph 184.

185.    Katz Technology Licensing admits that in rejecting application claim 29 pursuant to 35 U.S.C. § 112 during the prosecution of the '551 patent, the examiner stated that, "[t]he text actually is not found to describe how the interaction between the caller and the operator would proceed after the caller has been transferred thereto for 'person-to-person' interaction, much less that such interaction necessarily would result in data entries being transferred to the memory. However, the apparent intention of the disclosure as a whole is that such 'person-to-person' interaction between the caller and the operator after the transfer would be operationally similar to the fully-automatic interaction which is described in some detail." Katz Technology Licensing denies the remaining allegations set forth in Paragraph 185.

186.    Katz Technology Licensing admits that the '065 patent is a continuation of the '551 patent.  Katz Technology Licensing further admits that the '360 patent is a continuation of the '065 patent.  Katz Technology Licensing further admits that Examiner Weaver was involved in the prosecution of the '065 and '360 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 186.

187.    Katz Technology Licensing denies all allegations set forth in Paragraph 187.

**B.    Appeal Rulings**

188.    Katz Technology Licensing admits that certain Appeal Rulings of patents related to the patents asserted against the Jean Coutu Defendants upheld rejections made by the patent examiner.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 188.

189.    The allegations in Paragraph 189 relate to the decision of the Board of Patent Appeals and Interferences in Appeal No. 94-0834; Katz Technology Licensing responds that the decision speaks for itself and no further response is required.

190.    The allegations set forth in Paragraph 190 constitute legal conclusions to which no response is required.

191.     Katz Technology Licensing admits that during the prosecution of the '734, '120, '065 and '965 patents, the patent applicant did not expressly inform the USPTO of the USPTO's own earlier decisions with respect to patent claims in related patent applications. The remaining allegations set forth in Paragraph 191 constitute legal conclusions to which no response is required.

192.     Katz Technology Licensing denies all allegations set forth in Paragraph 192.

193.     Katz Technology Licensing denies all allegations set forth in Paragraph 193.

**V.     Alleged False Claims of Priority to Avoid Prior Art**

194.     Katz Technology Licensing denies all allegations set forth in Paragraph 194.

195.     Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing admits that the WO '375 application was published more than one year prior to the actual filing date of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 195.

196.     Katz Technology Licensing admits that in an Amendment filed January 31, 1996 during the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is

questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (*e.g.*, '800' or '900')." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 196.

197. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'. In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 197.

198. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50). However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 198.

199. Katz Technology Licensing denies all allegations set forth in Paragraph 199.

200. Katz Technology Licensing admits that it has asserted the '120, '252 and '223 patents against the Jean Coutu Defendants in this action. Katz Technology Licensing further admits that the '120 '252 and '223 patents claim priority from other patents and applications that include the '984 and '734 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 200.

## CONCLUSION

201.    Katz Technology Licensing denies all allegations set forth in Paragraph 201.

202.    Katz Technology Licensing denies all allegations set forth in Paragraph 202.

## PRAYER FOR RELIEF ON THE
## JEAN COUTU DEFENDANTS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the Jean Coutu Defendants' Counterclaims, this Court:

1.    Dismiss the Jean Coutu Defendants' Counterclaims with prejudice;

2.    Adjudge that the Jean Coutu Defendants are not entitled to any relief, including any of the relief requested in their prayer for relief; and

3.    Award to Katz Technology Licensing the relief requested in its Amended Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

January 4, 2007
550440

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200
jheaney@mnat.com
*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Kelly Farnan, Steven J. Balick and Sean T. O'Kelly.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 4, 2007 upon the following individuals in the manner indicated:

## <u>BY E-MAIL</u>

Kelly Farnan
Richards Layton & Finger
farnan@rlf.com

Patrick J. Flinn
Alston & Bird LLP
Patrick.flinn@alston.com

Steven J. Balick
Ashby & Geddes
sbalick@ashby-geddes.com

Charles S. Barquist
Morrison & Forester LLP
cbarquist@mofo.com

Sean T. O'Kelly
Cross & Simon, LLC
sokelly@crosslaw.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com